DOLORES BLONDET MARTÍNEZ, acompañada de su esposo HILARIO SANTIAGO, demandantes y apelados, *v.* GUILLERMO GARÁU, demandado y apelante.

No. 6902.—*Sometido:* Enero 14, 1935. *Resuelto:* Enero 16, 1935.

*T. Bernardini Palés,* abogado del apelante; *Pedro E. Anglade,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Solicitan los demandantes en este caso que se desestime por frívolo el recurso de apelación interpuesto por el demandado.

La acción que se ejercita se basa en un pagaré que copiado literalmente dice así:

"Por $1500.00.—Para el 8 de julio de 1922.—(UN MIL QUINIENTOS DOLLARS MONEDA AMERICANA.) Pagaremos mancomunada y solidariamente, a la orden de Dolores Blondet el día 8 de julio de mil novecientos veintidós, la cantidad de MIL QUINIENTOS DOLLARS moneda de los Estados Unidos, por valor recibido. Nos sometemos expresamente a los tribunales de Guayama, P. R. y nos obligamos a satisfacer las costas y los gastos que el cobro de este documento ocasione, incluyendo los honorarios de los abogados de quienes se valga su tenedor hasta quedar satisfecho del capital e intereses al tipo del nueve por ciento anual. Los intereses de esta obligación el Sr. Samuel Martín se compromete a pagarlos mensualmente y por adelantado al referido tipo de interés o sea al nueve por ciento anual y

dejados de satisfacer dos meses corridos se dará por vencida esta obligación. Guayama, Puerto Rico, julio 8 de 1921.—(Fdo.) Samuel Martín.—(Fdo.) Berreteaga & Martín.—(Fdo.) Guillermo Garáu.''

El demandado aceptó en su contestación el otorgamiento del documento anteriormente copiado y entre otras cosas alegó que conforme el artículo 942 del Código de Comercio en relación con los 944 y 950 de dicho cuerpo legal, edición 1911, la acción ejercitada ha prescrito, porque los suscribientes de la obligación son comerciantes y se trata de una operación puramente mercantil. La corte inferior resolvió que la acción no había prescrito y declaró con lugar la demanda, condenando al demandado a satisfacer la suma de $1,500 con sus intereses y $250 para costas, gastos, desembolsos y honorarios de abogado.

■■■ De acuerdo con las conclusiones de hecho de la corte inferior, plenamente justificadas por la prueba, Dolores Blondet economizó para comprar una casa cierta cantidad de dinero. Samuel Martín, cuñado de dicha joven, teniendo conocimiento de la existencia de ese dinero, lo pidió en calidad de préstamo, a un interés del 12 por ciento anual. La demandante accedió a lo solicitado, reduciendo el interés al 9 por ciento por entender que el interés ofrecido era excesivo. El pagaré fué suscrito mancomunada y solidariamente por el referido Martín, Berreteaga & Martín y por el demandado Guillermo Garáu. Este préstamo lo obtuvo Martín para atender una obligación que tenía vencida. La parte apelante alega que el importe de dicho préstamo fué destinado a operaciones de comercio y que la jurisprudencia del Tribunal Supremo de España sostiene que tratándose de un pagaré a la orden, si las partes lo que tuvieron en mente fué un préstamo con destino a una operación mercantil, siendo comerciantes algunos de los contratantes, dicho préstamo debe regirse exclusivamente por el artículo 311 del Código de Comercio, edición de 1911, según el cual se reputará mercantil el préstamo, si alguno de los contratantes fuere comerciante o si las cosas prestadas se destinaren a actos de comercio.

No cita el apelante ninguna sentencia del Tribunal Supremo de España sosteniendo el criterio apuntado.

El artículo 532 del referido cuerpo legal, que fué uno de los derogados y sustituídos por la ley de instrumentos negociables de 1930 dispone que los pagarés a la orden que procedan de operaciones de comercio producirán las mismas obligaciones y efectos que las letras de cambio, excepto en la aceptación, que es privativa de éstas. Esta corte ha interpretado este artículo en repetidas decisiones. Los pagarés librados a la orden tienen la presunción *juris tantum* de ser mercantiles a menos que se pruebe que no proceden de operaciones comerciales. El carácter mercantil de los pagarés a la orden, sin embargo, no se determina por la mera cualidad de ser comerciantes las personas que en ellos se interesan como librador, endosante o tenedor, sino por la circunstancia esencial de proceder de operaciones mercantiles.

Ésta es la doctrina sentada en el caso de *Pierluisi* v. *Monllor*, 42 D.P.R. 7, donde se examina y analiza detenidamente la jurisprudencia establecida por este tribunal y por la Corte Suprema de España. En dicho caso se alegó que el pagaré se originó a virtud de haber recibido la mercantil demandada, en calidad de préstamo, cierto crédito hipotecario de la demandante. Se probó en el juicio que uno de los socios de la mercantil demandada solicitó y obtuvo de la demandante que le cediera dicho crédito hipotecario para traspasarlo a otra persona en pago parcial del precio de una casa y que por dicha cantidad firmó el pagaré como valor recibido. Esta corte resolvió que dicho pagaré no procedía de operaciones mercantiles.

En el caso de *Salgado* v. *Villamil*, 14 D.P.R. 457, se sostiene que los pagarés a la orden tienen la presunción de ser mercantiles, salvo prueba en contrario, y se llega a la conclusión de que los pagarés librados en dicho caso no eran comerciales por proceder de la venta de acciones y derechos hereditarios, que en manera alguna puede reputarse como análoga a los actos mercantiles mencionados en el Código de Comer-

cio, porque sólo pueden tener ese carácter, ya la compra, ya la venta, cuando las partes tuvieron el propósito de obtener lucro.

En el presente caso Samuel Martín obtuvo de la demandante que le facilitara en calidad de préstamo los ahorros por ella realizados para comprar una casa. La operación se llevó a cabo en 1921, cuando estaba en todo su vigor el artículo 532 del Código de Comercio, edición 1911. La presunción *juris tantum* de ser mercantiles los pagarés librados a la orden ha quedado satisfactoriamente destruída. El pagaré extendido a favor de la demandante no procede de operaciones comerciales y por lo tanto no prescribe dentro del término de tres años como alega el demandado, sino a los quince años, de acuerdo con el artículo 1865 del Código Civil Revisado en relación con el 943 del Código de Comercio, edición de 1911, equivalente al 1940 del mismo código, edición de 1932.

Esta es la única cuestión fundamental que se debate en este caso a juzgar por los argumentos del demandado oponiéndose a la moción de desestimación y por el estudio detenido que hemos hecho de la prueba practicada y de todas las cuestiones levantadas por el demandado en la contestación y durante la vista de la causa.

*A nuestro juicio el recurso establecido es frívolo y debe ser desestimado.*

### EN MOCION DE RECONSIDERACION

#### Enero 23, 1935

1. LETRAS Y PAGARÉS—FORMA Y CONTENIDO DE LOS MISMOS—NATURALEZA DEL PAGARÉ—CARÁCTER MERCANTIL.—Los pagarés a la orden a que se refiere el artículo 532 del Código de Comercio no son aquéllos cuyo importe se va a dedicar a operaciones mercantiles, sino los que proceden de operaciones de esa clase.

2. LETRAS Y PAGARÉS—INTERPRETACIÓN—PARTES EN LA OBLIGACIÓN—SOLIDARIDAD.—Cuando una persona suscribe, con el prestatario, un pagaré, comprometiéndose a satisfacer mancomunada y solidariamente el principal, etc., hasta el tenedor quedar satisfecho del capital e intereses, el que el dicho prestatario se comprometiera a pagar dichos intereses mensualmente y por adelantado no priva a la obligación del elemento de solidaridad con respecto a tales intereses.

3. Costas—Fundamentos del Derecho en General—Existencia de Convenio Entre Partes.—Cuando los suscribientes de un pagaré convienen el pago de costas y honorarios y, reclamada la obligación principal, el demandado no niega en su contestación la razonabilidad de la valoración de los servicios en la demanda de la suma determinada en ella, sino que se limita a establecer como defensa la prescripción de la acción, al estimar razonable la corte la referida suma y condenar al pago de ella se ajusta a la ley y a la jurisprudencia aplicable.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

El apelante solicita la reconsideración de nuestra resolución desestimando el recurso interpuesto por frívolo. Insiste en que el importe del préstamo en el presente caso fué destinado a operaciones de comercio y en que debe reputarse como mercantil. Dijimos en nuestra opinión que el apelante no adujo jurisprudencia alguna en apoyo de su criterio.

En su moción de reconsideración el apelante deduce de algunas sentencias del Tribunal Supremo de España que la obligación tiene el carácter de mercantil cuando se destina a operaciones de comercio. Aparte de que en este caso no se ha demostrado que la demandante facilitara sus economías a su cuñado Samuel Martín con la finalidad de que fuera dedicado a operaciones mercantiles, entendemos que del pagaré suscrito a favor de la demandante y de la prueba practicada se deduce claramente que el préstamo no procede de operaciones de comercio.

Esta corte y el mismo Tribunal Supremo de España han declarado que los pagarés a la orden a que se refiere el artículo 532 del Código de Comercio no son aquéllos cuyo importe se va a dedicar a operaciones mercantiles, sino los que *proceden de operaciones de esta clase,* palabras éstas que subraya el Tribunal Supremo de España en su sentencia de 24 de noviembre de 1894 y en un considerando que dice así:

"Considerando que los valores y pagarés a la orden a que el art. 532 del Código de Comercio otorga la misma eficacia y efectos que a las letras de cambio, no son aquéllos cuyo importe se va a dedicar a operaciones mercantiles, sino los que *proceden de operaciones* de esta clase, en cuyo concepto la sentencia recurrida se ajusta

a su precepto, que como infringido se señala en el motivo primero al estimar como un mero préstamo de derecho común el consignado en las obligaciones que sirven de base a este pleito, a cuyos contrayentes, por tanto, no cabe aplicar el artículo 2º. del mismo Código, que también se señala en el referido motivo:''

En el caso de *Pierluisi* v. *Monllor*, 42 D.P.R. 16, esta corte, después de citar una sentencia del Tribunal Supremo de España de 11 de octubre de 1918, se expresa así:

''El artículo 531 a que se refiere esa sentencia es igual al del mismo número de nuestro código y se refiere a los requisitos que debe tener un pagaré a la orden, siendo el séptimo el de contener el origen y especie del valor que represente. El 532 que hemos citado es reproducción exacta del 532 del Código de Comercio Español. Antes de esas dos sentencias ya había dicho el mismo tribunal en 24 de noviembre de 1894 que los pagarés a la orden no son aquéllos cuyo importe se va a dedicar al comercio sino los que proceden de operaciones comerciales, pues sólo éstos tienen valor jurídico de documentos mercantiles. Y en la de 25 de enero de 1898 declaró el referido tribunal lo siguiente: 'La expedición de pagarés a la orden y sus endosos deben reputarse actos mercantiles, con arreglo al artículo 2º. del Código de Comercio, por ser de los expresamente definidos en este cuerpo legal, y por lo tanto, hay la presunción de que proceden de operaciones de comercio, salvo prueba en contrario.'

''Por consiguiente, según nuestro Cdigo de Comercio, que en este particular es igual al de España, la jurisprudencia del Tribunal Supremo de dicha nación y la repetida de nuestra Corte Suprema, los pagarés librados a la orden tienen la presunción *juris tantum* de ser mercantiles a menos que se pruebe que no proceden de operaciones comerciales. En consecuencia, el hecho de firmarse un pagaré a la orden no convierte un simple préstamo en mercantil ni constituye por sí una operación de comercio, porque nuestro estatuto dice que son mercantiles los que proceden de operaciones de comercio. También sostienen los comentaristas la misma doctrina. El Sr. Estasen, en su obra 'Jurisprudencia Mercantil', tomo 2, página 235, dice, según se cita en el alegato de la apelada, que 'los vales y pagarés a que el artículo 532 del Código de Comercio otorga la misma eficacia y efecto que las letras de cambio, no son aquéllos cuyo importe se va a dedicar a operaciones mercantiles, sino los que procedan de operaciones de esta clase'; y en la página 236 agrega: 'El carácter mercantil de los pagarés a la orden no se determina por la mera cuali-

dad de ser comerciantes las personas que en ellos se interesen como librador, endosante, o tenedor, sino por la circunstancia esencial de proceder de operaciones mercantiles.' ''

La corte inferior, analizando la prueba practicada, se expresó así:

"La demandante no se dedicaba al comercio, ella vivía en su casa en unión de su familia. El dinero prestado no lo tenía para especular, sino en calidad de ahorro para dedicarlo a la compra de una casa. Las relaciones familires de ella con su cuñado Samuel Martín, fueron quizás las que determinaron el llevar a cabo el préstamo con el fin de ayudar a su cuñado que se encontraba en situación muy apurada, según lo manifestara por sus cartas que obran en autos.''

El apelante alega que el tribunal *a quo* erró marcadamente en la apreciación de la prueba, demostrando en ello hasta pasión, prejuicio y parcialidad, y errando asimismo en la interpretación del contrato de préstamo. Hemos examinado detenidamente toda la prueba practicada y no podemos compartir la opinión del demandado. El tribunal *a quo* hace un análisis detenido y ecuánime de dicha prueba, establece los hechos con acierto y claridad, y aplica a los mismos el derecho en la forma en que ha sido interpretado por este tribunal.

Con respecto a los intereses, no está en lo cierto el demandado cuando dice que la responsabilidad de satisfacerlos recae exclusivamente sobre Samuel Martín. La obligación es clara y totalmente solidaria. Los suscribientes del pagaré se comprometen a satisfacer mancomunada y solidariamente a la orden de Dolores Blondet la suma principal, las costas y los gastos que ocasione el cobro de la obligación, incluyendo los honorarios de los abogados de quienes se valga su tenedor, hasta quedar satisfecho del capital e intereses al tipo del 9 por ciento anual. El hecho de que Samuel Martín, que fué quien obtuvo el préstamo, se comprometa a pagar dichos intereses mensualmente y por adelantado, no priva a la obligación del elemento de solidaridad con respecto a los referidos intereses. En cuanto a las costas y honorarios, cuyo pago se convino por las partes, el demandado no negó en su

contestación la razonabilidad de la valoración de estos servicios en la demanda en la suma de $250, limitándose a establecer como defensa la prescripción de la acción ejercitada. La corte inferior estimó razonable la referida suma y condenó al demandado a satisfacerla interpretando correctamente la ley y la jurisprudencia sentada por este tribunal. *American Colonial Bank* v. *Rossy,* 39 D.P.R. 564; *Brockway Motor Truck Corp. of P. R.* v. *Llorens,* 45 D.P.R. 123.

*No ha lugar a la reconsideración solicitada.*