BARCELÓ & Co., S. EN C., demandante y apelante, *v.* CARLOS OLMO REYES, demandado y apelado.

No. 6212.—*Sometido:* Diciembre 19, 1934. *Resuelto:* Marzo 14, 1935.

*Lens & Susoni, A. Barceló, Jr.,* y *Manuel Rodríguez Ramos,* abogados
de la apelante; *Pablo J. Aguilar,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

En una acción en cobro de pagaré la demandante apela
de una sentencia que declaró sin lugar la demanda después de
celebrarse un juicio sobre los méritos. El juez de distrito re-
solvió que la acción había prescrito por haber transcurrido el
período de tres años fijado en el Código de Comercio. Las
conclusiones en que se basó esta resolución fueron substan-
cialmente las siguientes: Que en marzo de 1919 Carlos Olmo
Reyes suscribió y entregó un pagaré a favor de Tomás López
Morales, o a su orden, por la suma de $1,400; que en 1917
López había anticipado $1,444 a su yerno Carlos Olmo, para
que se uniera a su hermano Javier Olmo en un negocio; que
de esta suma Olmo había devuelto $44 y que los $1,400 esta-
ban pendientes de pago; que en junio de 1917 Javier Olmo
y Tomás López constituyeron una sociedad mercantil a la
cual cada socio contribuyó con $1,444.13; que los verdaderos
socios lo eran Javier Olmo y Carlos Olmo, aunque figuraba
el nombre de López, suegro, en lugar del de Carlos Olmo,
yerno; que la sociedad fué disuelta unos doce meses más
tarde, cuando Javier Olmo se fué para los Estados Unidos,
y Carlos Olmo quedó a cargo del negocio; que López creyó
que este arreglo garantizaría mejor la devolución del dinero
así anticipado por él, y teniendo esto en mente, él y Javier
Olmo comparecieron ante un notario y otorgaron una escri-
tura de sociedad bajo la razón social de Javier Olmo y Cía.;
que López era un socio nominal solamente y que el verdadero
socio de Javier lo era su hermano Carlos, el yerno de López;
y que después de la disolución de la sociedad en marzo de
1919, López hizo que su yerno Carlos suscribiera y entregara
el pagaré que ahora está en controversia.

■■■ No podemos convenir con la corte inferior en que
la transacción original celebrada por López y Carlos Olmo

fué una transacción mercantil. Un préstamo no es necesariamente una transacción mercantil. Ni López ni Carlos Olmo eran comerciantes al momento en que se efectuó el préstamo. De haber sido comerciante uno u otro, o si ambos hubieran sido comerciantes al momento de efectuarse el préstamo, tal hecho no hubiese convertido el préstamo en una transacción mercantil. López era agricultor. Nunca había sido comerciante. No tenía la intención de serlo ni se convirtió en tal cuando él y Javier otorgaron la escritura notarial que nominalmente le hizo miembro de la razón social de Javier Olmo y Cía. Él nunca recibió, ni esperaba recibir, ningún sueldo ni utilidades de los negocios de Javier Olmo y Cía. Durante la existencia de la sociedad no recibió, ni esperaba recibir, intereses por la suma de dinero anticipada. El mismo pagaré otorgado unos dos años más tarde devengaría intereses tan sólo después de su vencimiento. Aun la idea de sustituir el nombre de López por el de Carlos Olmo en la escritura notarial no partió de López, sino que fué sugerido por el notario debido al hecho de que Carlos Olmo era menor de edad. El mero hecho de que el préstamo fuese otorgado con el fin de permitir al prestatario que se dedicara a un negocio y de que el producto del mismo se utilizara para la compra de mercancías, confundiéndose así en los negocios mercantiles de Javier Olmo & Cía., no convirtieron el préstamo en una transacción mercantil. La naturaleza del préstamo depende del carácter de la transacción misma, conforme lo revelan las circunstancias que rodean el caso o los hechos que la preceden, mas no el fin para el cual se hace ni la forma en que su producto era invertido o utilizado. Todas las circunstancias concurrentes tienden persuasivamente a la conclusión de que el préstamo otorgado en este caso no fué una transacción mercantil y por ende que la acción no había prescrito por el transcurso de tres años, no embargante la presunción *juris tantum* que surge del hecho de que el pagaré en cuestión había sido expedido a la orden. Véase *Pierluisi*

v. *Monllor*, 42 D.P.R. 7, y las autoridades allí citadas; *Vázquez* v. *Laíno*, 23 D.P.R. 235, y casos citados, y *Blondet* v. *Garáu*, 47 D.P.R. 863, y casos en él citados.

*La sentencia apelada debe ser revocada y en su lugar esta corte dictará otra a favor de la demandante, sin especial condena de costas.*