BANCO DE PUERTO RICO, como LIQUIDADOR DEL BANCO COMERCIAL DE PUERTO RICO, demandante y apelado, *v.* TOMÁS RODRÍGUEZ, ANGELINA M. DE RODRÍGUEZ y RAFAEL RODRÍGUEZ, demandados y apelantes; EL PUEBLO DE PUERTO RICO, interventor.

Núm. 7390.—*Resuelto:* Julio 12, 1938.

452

*Dubón & Ochoteco,* abogados de los apelantes; *C. Domínguez Rubio* y *Luis Domínguez Rovira,* abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se solicita la reconsideración de nuestra decisión de mayo trece último (ante. pág. 174), por seis motivos.

Es el primero que habiéndose suscrito el pagaré en que se funda la reclamación el 5 de septiembre de 1931, fecha en que había comenzado a regir la Ley Uniforme de Instrumentos Negociables aprobada en abril 22, 1930 (Ley núm. 17 de 1930 pág. 173) por virtud de la cual quedó derogado el artículo 532 del Código de Comercio, dejó de existir el fundamento para distinguir entre pagarés mercantiles y no mercantiles en que se funda la jurisprudencia de esta Corte a los efectos de aplicar la ley de prescripción.

Si el derogado hubiera sido el artículo 946 del Código de Comercio y se hubiera decretado una nueva regla de prescripción, entonces habría que interpretar la nueva regla, pero mientras tal artículo siga como sigue en vigor, habrá que recurrir a los otros preceptos del código que fueron el producto de la misma mente legislativa y a la jurisprudencia

sentada, para fijar el alcance de sus disposiciones. De ahí que para decidir lo que son "pagarés de comercio" a los efectos de aplicar el dicho artículo 946 del Código de Comercio, deba seguirse tomando en consideración lo definido por el propio legislador en otra parte del cuerpo legal de que se trata aunque esa otra parte haya sido derogada, a menos desde luego que se hubiera dispuesto expresamente lo contrario al decretarse la derogación, y ése no es aquí el caso.

El segundo motivo para pedir la reconsideración es el de que los razonamientos de nuestra decisión son contrarios al espíritu que informa universalmente los estatutos sobre uniformidad de instrumentos negociables.

Estamos conformes en que debe tenderse siempre a la uniformidad en esta clase de instrumentos y a la mayor sencillez, facilidad, garantía y universalidad en la contratación, pero ello no quiere decir que cuando se trate de la prescripción de acciones puedan abolirse por interpretación judicial distinciones bien conocidas y establecidas que van a la substancia de la transacción.

Se sostiene por los motivos tercero, cuarto, quinto y sexto que aunque la Ley núm. 17 de abril 22, 1930, al enmendar el Código de Comercio no hubiera abolido en cuanto al pagaré a la orden el requisito de proceder de una transacción mercantil, esta corte siempre habría errado al decidir que la obligación de que se trata no era mercantil y que era a los demandados a quienes correspondía probar que el pagaré no era de tal naturaleza, al no dar aplicación al artículo 462 del Código de Enjuiciamiento Civil y al no tomar en consideración para resolver sobre la naturaleza mercantil del documento el hecho de haber sido otorgado por una institución bancaria.

Para resolver que los indicados motivos no están bien fundados, bastaría referirnos a nuestra propia decisión publicada en este mismo volumen a la página 174. Fueron los demandados los que alegaron la prescripción como defensa. Sostuvo el demandante que el pagaré que ellos firmaron y le

entregaron no era de comercio y por tanto que la prescripción del artículo 946 del Código de Comercio o sea la de tres años que fué la invocada, no procedía. Y así quedó trabada la contienda.

Al analizar la evidencia tanto la corte inferior, según se desprende de los fragmentos de su opinión transcritos en la nuestra, como esta corte, dieron toda la fuerza que se debía a la presunción, pero concluyeron finalmente que la presunción quedó destruída por el resto de la prueba. Si alguna obscuridad pudiera advertirse, debe quedar aclarada en tal sentido. Las propias declaraciones de los demandados en vez de favorecer su caso, militan en contra suya. De ellas no surge la naturaleza mercantil de la transacción habida entre las partes de la que fué expresión final el documento, sino más bien lo contrario.

La parte de la opinión de esta corte que los demandados consideran opuesta a la doctrina de *stare decisis* o sea aquella porción de su penúltimo párrafo que se refiere a las declaraciones de los demandados, no tiene el alcance que éstos le atribuyen, pero parece conveniente decir para evitar desviaciones en la jurisprudencia, que se ratifica la doctrina de los casos de *Barceló & Cía., S. en C.* v. *Olmo,* 48 D.P.R. 247, *Pierluisi* v. *Monllor,* 42 D.P.R. 7 y *Blondet* v. *Garáu,* 47 D.P.R. 863 a que se refieren en su moción los demandados—casos que se citaron y aplicaron en la propia decisión cuya reconsideración se pide—a saber:

"La naturaleza del préstamo depende del carácter de la transacción misma, conforme lo revelan las circunstancias que rodean el caso o los hechos que la preceden, mas no el fin para el cual se hace, ni la forma en que su producto era invertido o utilizado." *Barceló & Co., S. en C.* v. *Olmo,* 48 D.P.R. 247, 249.

"Antes de esas dos sentencias, ya había dicho el mismo Tribunal en 24 de noviembre de 1894 que los pagarés a la orden no son aquéllos cuyo importe se va a dedicar al comercio, sino los que proceden de operaciones comerciales, pues sólo éstos tienen valor jurídico de documentos mercantiles." *Pierluisi* v. *Monllor,* 42 D.P.R. 7, 16.

"Esta Corte y el mismo Tribunal Supremo de España han declarado que los pagarés a la orden a que se refiere el artículo 532 del Código de Comercio no son aquéllos cuyo importe se va a dedicar a operaciones mercantiles, sino los que proceden de operaciones de esta clase, palabras éstas que subraya el Tribunal Supremo de España en su sentencia de 24 de noviembre de 1894, . . . ." *Blondet v. Garáu,* 47 D.P.R. 863, 867.

La circunstancia de que uno de los otorgantes del documento fuera un banco, no determina necesariamente la naturaleza mercantil del documento. No son sólo préstamos mercantiles los que realizan los bancos. Aceptando que uno de los otorgantes en este caso, dicho banco, pudiera considerarse como un comerciante, bastará que nos refiramos al caso de *Barceló & Co., S. en C.,* supra, en la parte que dice:

"No podemos convenir con la corte inferior en que la transacción original celebrada por López y Carlos Olmo fué una transacción mercantil. Un préstamo no es necesariamente una transacción mercantil. Ni López ni Carlos Olmo eran comerciantes al momento en que se efectuó el préstamo. De haber sido comerciantes uno u otro, o si ambos hubieran sido comerciantes al momento de efectuarse el préstamo, tal hecho no hubiese convertido el préstamo en una transacción mercantil."

*No ha lugar a la reconsideración.*