PESCADERÍA ROSAS, INC., demandante y recurrida, *v.* OSVALDO LOZADA RIVERA, demandado y recurrente.

*Número:* O-85-96      *Resuelto:* 28 de junio de 1985

*José Cancel Mercado,* abogado del peticionario; la parte recurrida no compareció.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El Sr. Tomás Rosas Quiñones le vendió el 3 de junio de 1980 al Sr. Osvaldo Lozada Rivera una embarcación registrada oficialmente para la pesca. El señor Rosas se dedicaba principalmente al mercado de comestibles de mar al por mayor y al detal. Al señor Lozada no se le conocía como pes-

cador. El récord no revela el oficio del señor Lozada, excepto que un testigo declaró que aquél le entregó la embarcación a un capitán para que la trabajara y el capitán le vendió pescado en dos ocasiones al señor Rosas.

El 26 de julio de 1980 el señor Rosas le vendió al señor Lozada combustible por valor de $854.70 y le prestó $2,530.18 para la reparación del barco vendido. El señor Lozada no satisfizo ninguna de las dos cantidades.

En 1981 se incorporó la firma Pescadería Rosas, Inc. y el señor Rosas, su presidente, le traspasó a esta entidad el crédito contra el señor Lozada. Tras requerirle infructuosamente en diciembre de 1983 al señor Lozada el pago de la deuda, Pescadería Rosas, Inc. lo demandó en enero de 1984 para lograr su cobro. El señor Lozada alegó que la deuda estaba prescrita. El Tribunal de Distrito resolvió que el plazo de prescripción aplicable es el de quince años dispuesto por el Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294. A igual conclusión llegó el Tribunal Superior. El señor Lozada recurrió a este foro alegando que se trata de un préstamo que debe reputarse mercantil, en cuyo caso la acción estaría prescrita. El 14 de marzo de 1985 dictamos orden de mostrar causa por la cual no debe revisarse la sentencia. La parte recurrida no ha comparecido.

■ La primera cuestión a examinar es si las transacciones entre las partes deben o no reputarse mercantiles. [1] La compraventa de la embarcación no es la que reclama la atención de este foro. Las operaciones pertinentes son las que generan la deuda alegadamente prescrita. Examinemos inicialmente el préstamo de dinero efectuado.

---

[1] Este paso es decisivo para deslindar el campo del derecho mercantil del correspondiente al derecho civil. El derecho mercantil se ha definido como el derecho ordenador de la organización y de la actividad profesional de los empresarios, un derecho regulador de actos de comercio, esencialmente contractuales. R. Uría, *Derecho Mercantil*, 11ra ed., Madrid, Imp. Aguirre, 1976, págs. 6-7.

■ El Art. 229 del Código de Comercio, 10 L.P.R.A. sec. 1651, dispone:

Se reputará mercantil el préstamo, concurriendo las circunstancias siguientes:

(1) Si alguno de los contratantes fuere comerciante.

(2) Si las cosas prestadas se destinaren a actos de comercio.

Este artículo es copia exacta del Art. 311 del Código de Comercio español de 1885. ([2])

Las condiciones que enumera este artículo deben interpretarse en forma copulativa. De faltar alguna de ellas el Código de Comercio no es aplicable a la transacción. ([3]) S. de 10 de febrero de 1950, núm. 78, nueva serie, 29 Jurisprudencia Civil 711, 722–723; S. de 18 de abril de 1896, núm. 164, 79 Jurisprudencia Civil 726; J. M. González de Echávarri y Vivanco, *Comentarios al Código de Comercio y jurisprudencia española*, 3ra ed., Valladolid, Imp. Casa Martín, 1945, T. III, págs. 419–421; *Franceschi* v. *Rivera*, 44 D.P.R. 664 (1933); *Luengo* v. *Fernández*, 83 D.P.R. 636 (1961). ([4])

■ Dado el estado del récord, asumamos que la primera condición que impone el Art. 229 se da en este caso y que el señor Rosas era un comerciante. ([5]) La segunda condición pre-

---

([2]) El Art. 311 sufre la influencia del Art. 387 del Código de Comercio español de 1829. Esta última disposición difiere del Art. 311 en que ambas partes tenían que ser comerciantes o al menos el deudor.

([3]) Así se hacía constar expresamente en el Art. 387 del Código de Comercio español de 1829.

([4]) Un caso nuestro, *Costas* v. *G. Llinás & Co.*, 66 D.P.R. 730 (1946), ya afectado por *Luengo* v. *Fernández*, 83 D.P.R. 636 (1961), contraría la norma expuesta al asumir erróneamente que basta con que se cumpla el primer requisito para que el préstamo sea mercantil. *Costas* v. *G. Llinás & Co.*, supra, queda por la presente revocado en lo que toca al referido aspecto.

([5]) El expediente no permite el análisis de si se conserva la condición de comerciante al efectuar actos distintos a los que se dedica usualmente el actor. Véanse: E. Langle y Rubio, *Manual de Derecho Mercantil Español*, Barcelona, Ed. Bosch, 1959, T. I, págs. 308–310 y T. III, pág. 312; L. Be-

senta problemas aún mayores. ¿Se destinó a actos de comercio el dinero prestado? Es necesario en consecuencia examinar las formas principales de enfocar el concepto de acto de comercio dentro de nuestra tradición jurídica.

Dentro del llamado sistema subjetivo el derecho mercantil es el derecho de una clase de personas: los comerciantes. El Código alemán de 1897, por ejemplo, representa esta posición y entiende por "actos de comercio" los actos de un comerciante que pertenezcan a la explotación de su empresa mercantil. [6] Dentro del sistema objetivo, el derecho mercantil pasa a ser más bien el derecho propio de una clase de actos, los actos de comercio, los cuales no son únicamente los realizados por los comerciantes en su carácter de tales. La atención se traslada de la persona al acto. Se desvincula el acto de comercio de la persona del comerciante. Los códigos francés y español se fundan supuestamente [7] en esta segunda posición.

■ Dentro del sistema objetivo ha habido formas diversas de definir el acto de comercio. El código francés utiliza el sistema de enumeración específica. El Art. 2 del Código de Comercio español, exactamente equivalente al Art. 2 del nuestro, 10 L.P.R.A. sec. 1002, emplea un método distinto. Dicha disposición provee:

> Los actos de comercio, sean o no comerciantes los que los ejecuten, y estén o no especificados en este Código, se regirán por las disposiciones contenidas en él; y en su defecto, por los usos del comercio observados generalmente en cada plaza; y a falta de ambas reglas, por las del derecho común.

nito, *Manual de Derecho Mercantil*, 3ra ed., Madrid, V. Suárez, 1924, T. I, págs. 620–623; R. Gay de Montellá, *Código de Comercio Español*, Barcelona, Ed. Bosch, 1936, T. I, págs. 62–63 y T. III, págs. 120–122.

[6] Véase el Art. 343.

[7] Utilizamos el término "supuestamente" debido a que en el derecho español —véase el propio Art. 229, referente al préstamo— se entremezclan obviamente ambos sistemas. Véanse también: J. Garrigues, *Curso de Derecho Mercantil*, 7ma ed., Madrid, Imp. Aguirre, 1976, T. I, págs. 137–159; Langle y Rubio, *op. cit.*, T. I, págs. 31–33.

Serán reputados actos de comercio los comprendidos en este Código, y cualesquiera otros de naturaleza análoga.

█ Se advertirá que el artículo citado soslaya la enumeración, así como la definición doctrinal, como criterios para establecer lo que constituye un acto de comercio, y abre ancho campo a la evolución del concepto conforme a los cambios que ocurran en la realidad económica. Debe igualmente señalarse que al referirse a los "actos de comercio . . . comprendidos en este Código" el Art. 2 alude de por fuerza a dos tipos de actos: los regulados exclusivamente por el Código de Comercio y los reglamentados tanto por éste como por el Código Civil. Este segundo grupo, al que pertenecen el préstamo y la compraventa —figuras envueltas en este litigio— destaca con particular rigor las dificultades en la identificación del acto mercantil. Su análisis demuestra que el criterio de diferenciación es en efecto múltiple, entremezclándose elementos objetivos, subjetivos y de otra índole. Cada situación debe ser objeto de examen separado. No existe en nuestra tradición jurídica un concepto unitario del acto de comercio. Los factores definitorios de la naturaleza, comercial o civil, de una transacción varían de caso a caso. La índole de un préstamo, por ejemplo, se determina por normas propias, expresadas en el Código, no necesariamente aplicables a otras operaciones. Fuera de los requisitos particulares a distintos negocios existe, no obstante, un hilo conductor, un elemento común entre diversos actos mercantiles: su finalidad, su conexión con el tráfico mercantil, su habitualidad, su atención al valor permutable de las cosas. J. Garrigues, *Curso de Derecho Mercantil*, 7ma ed., Madrid, Imp. Aguirre, 1976, Vol. I, pág. 137 *et seq.*; R. Gay de Montellá, *Código de Comercio Español*, Barcelona, Ed. Bosch, 1936, T. I, pág. 67 *et seq.*; González de Echávarri y Vivanco, *op. cit.*, T. I, pág. 46 *et seq.*; L. Benito, *Manual de Derecho Mercantil*, 3ra ed., Madrid, V. Suárez, 1924, T. I, pág. 551 *et seq.* Véanse: *Rosaly* v. *Alvarado*, 17 D.P.R. 109

480

(1911); *Banco de P.R., Liquidador* v. *Rodríguez,* 53 D.P.R. 451, 455 (1938); *Barceló & Co., S. en C.* v. *Olmo,* 48 D.P.R. 247, 249 (1935); *Barros* v. *Padial,* 35 D.P.R. 258 (1926); *Blondet* v. *Garáu,* 47 D.P.R. 863 (1935); *Buena Vista Dairy, Inc.* v. *Aponte,* 108 D.P.R. 657 (1979); J. Santa-Pinter, *Acto de comercio y dualismo en el Código de Comercio Puertorriqueño,* 7 Rev. Der. Puertorriqueño 98 (1963); A. González del Valle, *Estudio económico-jurídico del acto de comercio,* 28 Rev. Der. Puertorriqueño 355 (1968).

En el caso de autos consta una factura remitida al señor Lozada, de la cual se desprende que el préstamo en cuestión se otorgó para reparar la embarcación comprada por éste. ¿Basta ello para imprimirle a la transacción carácter mercantil y satisfacer el segundo requisito del Art. 229? El recurrente, señor Lozada, arguye que sí sobre la base del Art. 948 del Código de Comercio, 10 L.P.R.A. sec. 1910, equivalente al 952 español. El artículo dispone en lo pertinente:

Prescribirán al año:

(1) Las acciones nacidas de servicios, obras, provisiones y suministros de efectos o dinero, para construir, reparar, pertrechar o avituallar los buques o mantener la tripulación. . . .

Este artículo se refiere claramente al segundo tipo de actos de comercio, los regulados bien por el Código de Comercio o por el Código Civil. El artículo no es aplicable a la reparación de toda clase de embarcaciones. El examen de la definición del término "buque" ilustra esta aseveración. Si bien existe controversia sobre el particular, el término abarca a todo género de embarcaciones destinadas a la navegación *comercial.* González de Echávarri y Vivanco, *op. cit.,* T. II, pág. 121 *et seq.* Compárese con: Benito, *op. cit.,* T. I, pág. 284 *et seq.; R.* Uría, *Derecho Mercantil,* 11ra ed., Madrid, Imp. Aguirre, 1976, pág. 867 *et seq.*

■ Para poder invocar el Art. 948 citado en el caso de un préstamo por una entidad no bancaria[8] para la reparación de una nave, debe en consecuencia demostrarse que se trata de un acto mercantil, esto es, que la nave posee la condición jurídica de "buque" por destinarse a la navegación comercial. Del expediente de autos no surge con claridad el uso para el que se adquirió la lancha. La prueba oral del demandado-recurrente, limitada a su propio testimonio, se redujo a expresar que antes de 1979 —la embarcación se compró un año después— había sido instructor de pesca, que pescaba esporádicamente y que hasta 1980 había capitaneado un barco llamado "Antares". La prueba del demandante y recurrido, señor Rosas, consistió básicamente en señalar que no se dedicaba usualmente a comprar o vender embarcaciones, que al señor Lozada no se le conocía como pescador de profesión y que el préstamo fue una transacción personal entre él y el demandado. De la relación del caso se desprende que en algún momento —se ignora cuándo— el señor Lozada le había entregado la embarcación a un tercero "para que la trabajara".

■ Ante prueba tan débil sobre la cuestión de si el préstamo constituye un acto de comercio, tanto el Tribunal de Distrito como el Tribunal Superior concluyeron que la naturaleza del préstamo no fue mercantil, por lo que la deuda no está prescrita. No hallamos base en el récord para intervenir con esta conclusión. Quien invoque el Código de Comercio tiene la carga de la prueba sobre su aplicabilidad.

Respecto a la compraventa del combustible es innecesario en este caso adentrarnos en el análisis de la naturaleza civil o mercantil de la figura. Véase el Art. 243 del Código de Co-

---

[8] Sobre los préstamos bancarios, los cuales han generado gran controversia, no nos estamos expresando en esta ocasión. Véanse: Langle y Rubio, *op. cit.*, T. III, págs. 312–315; S. de 9 de mayo de 1944, núm. 73, 2da serie, VI Jurisprudencia Civil 645; S. de 1ro de febrero de 1980, núm. 529, Aranzadi, 47 Jurisprudencia Civil 405; *Contra: Banco de P.R., Liquidador, Etc.* v. *Rodríguez*, 53 D.P.R. 174, 451 (1938).

mercio, 10 L.P.R.A. sec. 1701; *Buena Vista Dairy, Inc.* v. *Aponte,* supra. Basta con señalar que median aquí las mismas dificultades, mencionadas respecto al préstamo, para la aplicación del Art. 948. Se considera por algunos que el suministro de combustible a un buque está sujeto a las disposiciones de este artículo —Gay de Montellá, *op. cit.,* pág. 510— pero no se ha probado aquí fehacientemente, como hemos visto, que la nave en cuestión es jurídicamente un buque, lo que impide considerar la transacción como de naturaleza mercantil.

*Se confirmará la sentencia recurrida.*

El Juez Asociado Señor Hernández Denton no intervino.