Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC, COMO AGENTE DE ACE ONE FUNDING, LLC<br><br>*Recurrida*<br><br><br>v.<br><br><br>NILSA VÉLEZ FIGUEROA<br><br>*Peticionaria* | TA2025CE00011 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Toa Alta<br><br>Caso Núm.: TA2025CV00445<br><br>Sobre: Cobro de Dinero-Regla 60 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de julio de 2025.

Comparece ante nos, la señora Nilsa Vélez Figueroa (señora Vélez o peticionaria) mediante recurso de *Certiorari* y nos solicita la revisión de la *Orden*[1], emitida y notificada el 17 de junio de 2025, por el Tribunal de Primera Instancia, Sala Municipal de Toa Alta (TPI o foro recurrido). Mediante el referido dictamen, el TPI atendió la *Moción en Solicitud de Reconsideración*[2] de la *Orden*[3] en donde la peticionaria solicitó la desestimación del caso de autos por prescripción.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *Certiorari*.

## I.

El 8 de abril de 2025, Island Portfolio Services, LLC (Island o recurrida) instó una *Demanda*[4] por cobro de dinero e

---

[1] Exhibit VI del apéndice del recurso de *Certiorari*.
[2] Exhibit V del apéndice del recurso de *Certiorari*.
[3] Exhibit IV del apéndice del recurso de *Certiorari*.
[4] Exhibit I del apéndice del recurso de *Certiorari*.

Número Identificador

RES2025_____

incumplimiento de contrato contra la señora Vélez. En la misma, la recurrida reclamó la deuda de tres mil cuatrocientos quince dólares con setenta y cinco centavos ($3,415.75) producto de un *Pagaré*[5]. Esto, debido a que el término del pago se aceleró por los incumplimientos de la peticionaria. Asimismo, Island estableció que el *Pagaré* tenía como fecha de vencimiento el 16 de enero de 2019.

Por su parte, el 10 de junio de 2025, la señora Vélez presentó una *Moción bajo la Regla de Procedimiento Civil 10.2(5) por Dejar de Exponer una Reclamación que Justifique la Concesión de un Remedio*[6]. En esta, la peticionaria arguyó que, según la Ley Núm. 208-1995, mejor conocida como la Ley de Transacciones Comerciales de Puerto Rico (Ley de Transacciones Comerciales)[7], la reclamación estaba prescrita. Por ello, reiteró que la fecha de vencimiento del Pagaré era el 16 de enero de 2019. Por consiguiente, el acreedor tenía hasta el 16 de enero de 2022, para para ejercer su derecho al cobro de la deuda.

Oportunamente, Island presentó una *Moción en Oposición a Desestimación* en la cual distinguió que el *Pagaré* de la peticionaria era uno personal, de tal forma que, no aplicaba el término de tres (3) años establecido en la Ley de Transacciones Comerciales, *supra*. Asimismo, arguyó que, para ser considerado como un pagaré mercantil y que aplicara el término antes mencionado, una de las partes debía ser comerciante y el destino del préstamo debía ser uno comercial. Por ende, el término de prescripción aplicable era el establecido en el Artículo 1864 del Código Civil de Puerto Rico de 1930[8], el cual disponía que las acciones personales que no tuvieran un término especial prescribían a los quince (15) años.

---

[5] Exhibit I del apéndice del recurso de *Certiorari*, Anejo A.
[6] Exhibit II del apéndice del recurso de *Certiorari*.
[7] 19 LPRA sec. 401, *et. seq.*
[8] Código Civil vigente al momento de los hechos. 31 LPRA sec. 5294.

Así las cosas, el 12 de junio de 2025[9], el TPI emitió una *Orden* en la cual declaró *Ha Lugar* la *Moción en Oposición a Desestimación* presentada por Island. Inconforme, la señora Vélez presentó una *Moción en Solicitud de Reconsideración* en la que reiteró que el préstamo era un instrumento negociable y que, por tanto, la Ley de Transacciones Comerciales, *supra*, estableció el término de prescripción para el cobro de tal acreencia. Así pues, la peticionaria se mantuvo en su posición de que la acción estaba prescrita, toda vez que, el término para reclamar la deuda era de tres (3) años.

Consecuentemente, el 17 de junio de 2025, el TPI emitió una *Orden* en la cual declaró *No Ha Lugar* la *Moción en Solicitud de Reconsideración* presentada por la peticionaria.

Insatisfecha aun, la señora Vélez compareció ante este foro mediante escrito de *Certiorari* y planteó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia, al no desestimar la demanda a pesar de la causa de acción estar prescrita.

El 25 de junio de 2025[10], emitimos una *Resolución* en la que otorgamos al recurrido un término de diez (10) días para expresarse en torno al recurso presentado. Conforme a ello, el 7 de julio de 2025, Island presentó su *Alegato en Oposición a Certiorari*. En este, sostuvo que el *Pagaré* suscrito por la peticionaria no era de carácter comercial y que la acción no se encontraba prescrita porque se presentó antes de cumplirse los quince (15) años desde su vencimiento.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[9] Notificada el 16 de junio de 2025.
[10] Notificada el 12 de junio de 2025.

**II.**

**-A-**

El auto de *Certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[11] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[12]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[13]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[14].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[15]. No obstante, la Regla 52.1, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o

---

[11] 32 LPRA Ap. V, R. 52.1.

[12] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

[13] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).

[14] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

[15] *García v. Padró*, 165 DPR 324, 334-335 (2005); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).

peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[16].

[...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[17], para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *Certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *Certiorari*[18]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[19].

---

[16] 32 LPRA Ap. V, R. 52.1.
[17] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[18] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[19] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

**-B-**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil[20] "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra"[21]. La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes:

> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
> (6) dejar de acumular una parte indispensable[22].

Al resolver una moción de desestimación bajo la Regla 10.2 (5), *supra,* los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas"[23]. La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante"[24].

Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'"[25]. Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada"[26]. Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "**debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda**

---

[20] 32 LPRA Ap. V, R. 10.2.
[21] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).
[22] 32 LPRA Ap. V, R. 10.2(5).
[23] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 428.
[24] *Íd.,* págs. 428-429.
[25] *Colón Rivera v. ELA*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.
[26] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra,* pág. 429.

**duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida"**[27]. (Énfasis nuestro).

En síntesis, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba[28].

El doctor Cuevas Segarra nos comenta que el Tribunal Supremo de Puerto Rico explicó de forma acertada en *Reyes v. Sucn. Sánchez Soto*, 98 DPR 305, 309 (1970), lo siguiente:

> El texto de la actual Regla es aun más favorable para un demandante, ya que la moción para desestimar no ha de considerarse s[o]lo a la luz de una causa de acción determinada y sí a la luz del derecho del demandante a la *concesión de un remedio*, cualquiera que [e]ste sea. En vista de ello, las expresiones que hicimos en el caso de *Boulon*, particularmente la de que una demanda no debe ser desestimada por insuficiencia, **a menos que se desprenda con toda certeza que el demandante no tiene derecho a *remedio alguno* bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación**, tienen aun mayor virtualidad [...]. (Énfasis nuestro).

Para que el demandado prevalezca al presentar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* "debe establecer con toda certeza que el demandante **no tiene derecho a remedio alguno bajo cualquier estado de derecho** que pueda ser probado en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor"[29]. (Énfasis nuestro). Sin embargo, esto último "se aplica solamente a los hechos bien

---

[27] *Íd.* que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*,137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).
[28] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.
[29] *Íd.,* pág. 530.

alegados y expresados de manera clara y concluyente que de su faz no den margen a dudas"[30].

Por último, cabe mencionar que se plantea que cuando se presenta una moción de desestimación bajo la Regla 10. 2(5), *supra,* **"[l]a controversia no es si el demandante va finalmente a prevalecer, sino, si tiene derecho a ofrecer prueba que justifique su reclamación, asumiendo como ciertos los hechos [correctamente] alegados en la demanda."**. (Énfasis nuestro). Así pues, al analizarse una moción de desestimación presentada tras una demanda "el tribunal debe concederle el beneficio de cuanta inferencia sea posible de los hechos alegados en dicha demanda"[31].

## -C-

La Ley de Transacciones Comerciales es un estatuto especial que regula el derecho aplicable a las transacciones relacionadas a los instrumentos negociables. Fue adoptada con la finalidad de simplificar, clarificar y modernizar el derecho que rige las transacciones comerciales; uniformar el derecho entre las diversas jurisdicciones existentes; y permitir la continua expansión de las prácticas comerciales [32]. La disposición define un instrumento negociable como:

> [U]na promesa o una orden incondicional de pago de una cantidad específica de dinero, con o sin intereses u otros cargos descritos en la promesa u orden, si el mismo: (1) es pagadero al portador o a la orden al momento de su emisión o cuando primero adviene a la posesión de un tenedor; (2) es pagadero a la presentación o en una fecha específica; y (3) no especifica otro compromiso o instrucción por parte de la persona que promete u ordena el pago que no sea el pago del dinero, pero la promesa u orden puede contener (i) un compromiso o poder para dar, mantener o proteger colateral para garantizar el pago, (ii) una autorización o poder al tenedor para admitir sentencia o liquidar la colateral o disponer de ella de otra forma, o (iii) una renuncia al beneficio de cualquier ley que exista concediéndole una ventaja o protección a un deudor[33].

---

[30] Cuevas Segarra, *op. cit.*, pág. 529.
[31] *Íd.,* pág. 532.
[32] 19 LPRA sec. 401 (2).
[33] 19 LPRA sec. 504.

El instrumento negociable designa unos documentos de crédito que confieren un derecho a obtener el pago de una suma de dinero, que a su vez, mantiene otras características particulares[34]. Acerca de la prescripción, ante la existencia de un término provisto para ejercitar la causa de acción, se activa el término descrito:

> Salvo según se dispone en la subsección (e), una acción para exigir el cumplimiento de la obligación contraída por una parte de pagar un pagaré que es pagadero en una fecha específica deberá comenzarse dentro de los tres (3) años siguientes a la fecha o fechas de vencimiento estipuladas en el pagaré o, si la fecha de pago se acelera, dentro de los tres (3) años siguientes a la fecha de vencimiento acelerado[35].

Ahora, dicho término de prescripción de tres años es exclusivo para los pagarés mercantiles y no para cualquier clase de pagarés. No obstante, un préstamo no es forzosamente una transacción mercantil. Para establecer la naturaleza de un pagaré como mercantil es necesario que concurran dos requisitos: (1) que una de las partes sea comerciante; y (2) que el préstamo tenga un destino comercial[36]. Un pagaré que no es mercantil no le es aplicable el término de tres años de prescripción para su cobro. Su naturaleza depende del carácter de la transacción misma, de acuerdo con las particularidades en el asunto[37].

Cabe puntualizar, que existe una presunción *juris tantum* de que los pagarés emitidos a la orden son mercantiles[38]. Sin embargo, el hecho de que sea expedido a la orden **"no es suficiente para definir su naturaleza, ya que la presunción se desvanece si se concluye que no procede de una operación mercantil"**[39]. (Énfasis nuestro).

---

[34] M. Garay Aubán, *Derecho Cambiario, Instrumentos Negociables*, San Juan, Bibliográficas, 2009, pág. 1.
[35] 19 LPRA sec. 518 (a).
[36] *Luengo v. Fernández*, 83 DPR 636, 639 (1961).
[37] *Barceló & Co., S. en C. v. Olmo*, 48 DPR 247 (1935).
[38] *Haedo Castro v. Roldan Morales*, 203 DPR 324, 332 (2019).
[39] *Íd.,* págs. 332-333.

**III.**

En el caso de epígrafe, la peticionaria arguyó que el foro recurrido erró al no desestimar la *Demanda* a pesar de que la causa de acción estaba prescrita.

De acuerdo con el marco jurídico antes reseñado, la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta la revisión de resoluciones dictadas por el TPI, a manera de excepción cuando, entre otras instancias, se recurre de la denegatoria de una moción de carácter dispositivo. La *Moción solicitando desestimación al amparo de la Regla 10.2 de Procedimiento Civil* presentada por la peticionaria, es una moción de carácter dispositivo, cuya denegatoria por el foro primario es revisable ante este Tribunal de Apelaciones mediante recurso de *Certiorari.*

No obstante, es preciso recalcar que nuestra discreción no se ejerce en el vacío. La Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* establece los criterios para nosotros determinar si debemos ejercer nuestra facultad discrecional revisora.

Así pues, evaluado el recurso de *Certiorari* aquí presentado por la señora Vélez junto a la *Orden* recurrida, bajo los parámetros de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* somos del criterio que procede denegar la expedición del auto de *Certiorari.* Colegimos que, en la *Orden* recurrida no medió prejuicio, parcialidad o error craso y manifiesto por parte del TPI[40]. Lo cierto es que, no está presente ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra,* que mueva nuestra discreción para intervenir con el dictamen recurrido.

No identificamos que el foro primario haya actuado de manera arbitraria, caprichosamente o que hubiese abusado de su discreción al emitir la resolución recurrida. Tampoco nos encontramos ante

---

[40] Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

una situación que amerite nuestra intervención para evitar un fracaso de la justicia. Por tanto, al amparo de los criterios que guían nuestra discreción, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. En consecuencia, procede denegar la expedición del auto de *Certiorari* solicitado por la parte peticionaria.

**IV.**

De conformidad con los fundamentos antes expresados, los que hacemos formar parte de este dictamen, ***denegamos*** la expedición del auto de *Certiorari* solicitado por la señora Vélez.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones