Martínez Torres, Juez Ponente
*1092 TEXTO COMPLETO DE LA SENTENCIA
En el año 1986, el Sr. Luis Natali Román, demandante-apelado, comenzó una relación comercial con la Sra. Ivette Pabón López, H/N/C Shamar Bar Pub, demandada-apelante. Como tantas relaciones, ésta enfrentó una tempestad que culminó en naufragio. La consecuencia inmediata de la disolución de dicha relación comercial fue la presentación de la demanda objeto de este recurso.
El demandante-apelado, Luis Natali Román, reclamó por los alegados daños y perjuicios sufridos como consecuencia de la negligencia de la demandada-apelante, Ivette Pabón López, H/N/C Shamar Bar Pub.
Luego de celebrada la vista en su fondo, el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Cabo Rojo (Hon. Carlos Ortiz Alvarez, Juez) declaró con lugar la demanda. Pabón López apela ante nos para solicitar la revocación de dicho dictamen. Con el beneficio de la exposición narrativa de la prueba, procedemos a resolver.
I
Durante siete años existió una relación comercial entre el demandante-apelado, Luis Natali Román y la demandada-apelante, Ivette Pabón López. La naturaleza de la relación consistía en que Natali Román colocaba máquinas de juego y video en el local de Pabón López. Los ingresos generados se distribuian en la siguiente proporción: cincuenta y cinco porciento (55%) para Natali Román, demandante-apelado y cuarenta y cinco (45%) para Pabón López, demandada-apelante. El demandante-apelado, Natali Román, tuvo hasta un máximo de nueve máquinas en el establecimiento de la demandada-apelante, Pabón López.
En agosto de 1993, la demandada-apelante Pabón López le indicó al demandante-apelado Natali Román que retirara las máquinas del establecimiento de la primera. Los motivos para esta solicitud fueron la ausencia de patentes de contribución sobre ingresos de las máquinas, y el interés de la demandada-apelante Pabón López de establecer relaciones comerciales similares con otra persona.
El demandante-apelado, Natali Román, accedió a lo solicitado y comenzó la remoción de máquinas, a razón de dos por semana. Había recogido unas seis máquinas cuando la demandada-apelante Pabón López transportó las tres máquinas restantes a su residencia porque necesitaba espacio en el negocio. Una vez en la residencia de la demandada-apelante Pabón López, las máquinas permanecieron en la marquesina y posteriormente en el patio. Se trasladaron de la marquesina al patio porque la demandada-apelante Pabón| López se proponía ubicar un bote en la marquesina. En el patio, ocurrió el deterioro; las máquinas quedaron prácticamente indefensas ante las inclemencias del tiempo, pues las cubría solamente una cortina de baño.
El demandante-apelado Natali Román acudió a recoger las máquinas, pero al ver las condiciones en que se encontraban, decidió dejarlas. Ante esta situación, instó acción judicial por cobro de dinero, y los daños y perjuicios producto de la conducta de Pabón López, demandada-apelante.
Luego de celebrado el juicio en su fondo, el día 29 de febrero de 1996, el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Cabo Rojo, declaró con lugar la demanda y condenó a la demandada-apelante Pabón López a pagar la cantidad de $7,500 por concepto de las tres máquinas deterioradas, y el 55% de lo que producían las máquinas, es decir $2,000 como parte de la pérdida de ingresos estimados.
Oportunamente, acudió ante nos la demandada-apelante Pabón López. Inconforme con la decisión del Tribunal de Primera Instancia, cuestiona la determinación de que fue negligente, la valorización de *1093 las máquinas dañadas y la partida por pérdida de ingresos dé las máquinas de juego.
Pabón López presentó un proyecto de exposición narrativa de la prueba oral que aceptamos como exposición final ante la ausencia de oposición a su contenido. Regla 54.2(f) de Procedimiento Civil, según enmendada; Regla 19 de nuestro Reglamento. Por su parte, el demandante-apelado, Natali Román, no presentó alegato alguno, a pesar que fue recordado de su dercho a hacerlo en la Resolución que emitimos el 9 de junio de 1997. Ante esa realidad, damos el recurso por sometido y resolvemos.
II
Para colocar esta controversia en una justa perspectiva es necesario determinar, en primer plano, qué tipo de contrato otorgaron las partes y cuáles disposiciones legales son aplicables al mismo, el Código de Comercio o el Código Civil.
Quien ejerce una función intermediaria entre la producción y el consumo y cuya mediación tiene carácter lucrativo es un comerciante. Building Maintenance Serv. v. H.R. Executive Building, 109 D.P.R. 656, 664 (1980).
"Los actos de comercio, sean o no comerciantes los que los ejecuten, y estén o no especificados en este Código, se regirán por las disposiciones contenidas en él; y en su defecto, por los usos del comercio observados generalmente en cada plaza, y a falta de ambas reglas, por las del derecho común". Artículo 2 Código de Comercio, 10 L.P.R.A. see. 1002. Sobre la supletoriedad del Código Civil, véanse St. Paul Fire & Marine v. Caguas Federal Savings, 121 D.P.R.761, 766 (1988); P.R. Bedding Mfg. Corp. v. Herger, 91 D.P.R. 519 (1964).
En los sistemas de derecho mercantil, existen dos vertientes: la subjetiva, que se refiere a los comerciantes, y la objetiva, que se refiere a los actos de comercio. En nuestro Código de Comercio, se entremezclan ambas vertientes. Se rechazan la enumeración y la definición doctrinal "como criterios para establecer qué constituye un acto de comercio, y se abre ancho campo a la evolución del concepto conforme a los cambios que ocurran en la realidad económica." Pescadería Rosas, Inc. v. Lozada, 116 D.P.R. 474, 479 (1985).
En la caracterización de una transacción como civil o mercantil, hay requisitos particulares para los distintos negocios pero fuera de éstos "existe un hilo conductor, un elemento común entre diversos actos mercantiles: su finalidad, su conexión con el tráfico mercantil, su habitualidad, su atención al valor permutable de las cosas." Pescadería Rosas, Inc. v. Lozada, supra.
Sólo hay dos tipos de contratos comerciales con algunas características similares a la relación jurídica objeto de este recurso: el contrato reglamentado por la Ley de Arrendamiento de Propiedad Mueble, Ley Núm. 20 de 8 de mayo de 1973, 10 L.P.R.A. sec. 996; y el depósito mercantil, Artículo 221 del Código de Comercio, 10 L.P.R.A. sec. 1621.
La Ley de Arrendamiento de Propiedad Mueble no aplica en este caso pues el demandante-apelado no cuenta con la licencia requerida para dicha actividad. La licencia es necesaria cuando los activos excedan los diez mil dólares. Del expediente se desprende que los activos del demandante-apelado sobrepasan esa cantidad. Sin embargo, el demandante-apelado no tiene la licencia requerida. Esto impide la aplicación de las disposiciones de la referida ley.
Por su parte, el depósito mercantil requiere: (1) que el depositario, al menos, sea comerciante; (2) que las cosas depositadas sean objetos del comercio; y (3) que el depósito constituya por sí una operación mercantil, o se haga como causa o a consecuencia de operaciones mercantiles. Artículo 221 Código de Comercio, supra. Los requisitos enumerados en este artículo deben interpretarse de forma copulativa. De faltar alguno de ellos el Código de Comercio sería inaplicable. El tercer requisito recoge el depósito mercantil directo e indirecto. En el caso de autos, estaríamos, a lo sumo, ante un depósito mercantil indirecto. El factor determinante en este recurso no es atar la relación contractual existente a una sola figura jurídica, sea mercantil o civil, sino determinar la obligación, si alguna, de la demandada-apelante en cuanto al objeto del contrato. Bajo el contrato de depósito mercantil, el Artículo 224 del Código de Comercio, 10 L.P.R.A. sec. 1624, dispone que "[e]n la conservación del depósito, responderá el depositario de los menoscabos, daños y perjuicios que las cosas depositadas *1094 sufrieren por su malicia o negligencia...".
En fin, si aplicamos las normas sobre depósito mercantil, la demandada-apelante Pabón López sería responsable por los menoscabos y daños y perjuicios producto de su negligencia. La demandada-apelante, Pabón López, sin embargo, rechaza la aplicación de esta figura. Analicemos entonces la relación contractual a la luz del Código Civil.
"El arrendamiento de cosas es el contrato consensual por el que una parte se obliga a proporcionar a la otra el uso o aprovechamiento de una cosa no consumible a cambio de una remuneración proporcional al tiempo de la duración." J. Puig Brutau, Fundamentos de Derecho Civil, Tomo II, Vol. II, Barcelona, España, 1982, pág. 245; Artículo 1346 y s.s., Código Civil de Puerto Rico, 31 L.P.R.A. sees. 4031 etseq.
En el caso de autos, el demandante-apelado Natali Román se obligó a proporcionar las máquinas a la demandada-apelante Pabón López, para que ésta las usara a cambio de una remuneración previamente establecida. El arrendatario responde por la pérdida o deterioro de la cosa arrendada, salvo que demuestre ausencia de culpa. Artículo 1453, Código Civil, 31 L.P.R.A. see. 4060. Esto se debe a que viene obligado a usar la cosa arrendada como un buen padre de familia. Artículo 1445, Código Civil, 31 L.P.R.A. see. 4052. El arrendatario debe ser diligente en "la correspondiente custodia de la cosa, desarrollando la actividad exigida a todo el que tiene la posesión de una cosa ajena, debiendo tomar las medidas oportunas para que la cosa no perezca o se deteriore gravemente." E. Vázquez Bote, Tratado teórico, práctico y crítico de derecho privado puertorriqueño, Tomo IX, Equity Publishing Co., Orford, New Hampshire, 1992, pág. 264.
Vemos pues, que el principio de responsabilidad presente en el contrato de depósito mercantil, está inmerso también en el contrato de arrendamiento de cosas. En ambos es menester custodiar la cosa como un buen padre de familia. Bajo cualquiera de los dos supuestos, Pabón López responde por su falta de cuidado.
III
La demandada-apelante Pabón López pretende escapar de esta realidad al aseverar que le había indicado al demandante-apelado Natali Román que retirara las máquinas. Eso no excusa la actuación de Pabón López. Las máquinas bajo su custodia no podían permanecer a la interperie. Cubrir las máquinas del demandante-apelado con una cortina de baño mientras éstas continuaban recibiendo el embate de la naturaleza no constituye una actuación diligente. Por el contrario, la actuación de la demandada-apelante, Pabón López, fue en extremo negligente.
Recompensar la actuación de la demandada-apelante Pabón López sería violentar principios básicos de justicia y fomentar que la ciudadanía tome la justicia en sus manos. El derecho le proveía un remedio a la demandada-apelante Pabón López. En lugar de exponer las máquinas a las inclemencias del tiempo, debía cuidarlas con la diligencia de un buen padre de familia. Si al hacerlo incurría en gastos, podía instar la acción judicial correspondiente para recobrarlos.
Todos los planteamientos de la demandada-apelante giran en torno a la apreciación de la prueba desfilada ante el Tribunal de Primera Instancia. Principios cardinales de práctica apelativa impiden la intervención con la apreciación de la prueba, salvo la presencia de pasión, prejuicio, parcialidad o error manifiesto. Como señalara el Tribunal Supremo en Benítez Guzmán v. García Merced, 126 D.P.R. 302, 308 (1990):
"Reiteradamente hemos establecido que no intervendremos con las determinaciones de hechos del tribunal sentenciador a menos que exista error manifiesto o éste haya sido movido por prejuicio, parcialidad o pasión. Se impone un respeto a la aquilatación de credibilidad del foro primario en consideración a que 'sólo tenemos... récords mudos e inexpresivos'. Esas apreciaciones deben ser objeto de gran deferencia en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto que nos mueva a intervenir." (Escolio omitido). Pérez Cruz v. Hosp. La Concepción, 115 D.P.R. 721, 728 (1984). Véase, también, Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172, 181 (1985).
El juez de instancia está en mejor posición de aquilatar la prueba pues tiene la oportunidad de *1095 observar a los testigos declarar y la manera en que se comportan. Pérez Cruz v. Hosp. La Concepción, supra; Sánchez Rodríguez v. López Jiménez, supra.
No estamos ante pasión, prejuicio, parcialidad o error manifiesto. La decisión del foro de instancia está fundamentada en la prueba; la actuación negligente de la demandada-apelante Pabón López fue evidente. No nos persuaden sus argumentos.
IV
En cuanto a la determinación de deterioro de las máquinas, señala la demandada-apelante Pabón López que no hubo prueba fehaciente al efecto de si las máquinas eran reparables, y que al valor de las máquinas no se les restó la depreciación. La Regla 10 de Evidencia, 32 L.P.R.A. Ap. IV, dispone que "La evidencia directa de un testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que por ley otra cosa se disponga." El Tribunal de Primera Instancia contó con prueba suficiente: el testimonio de Natali Román, demandante-apelado. Además, fueron admitidas en evidencia nueve (9) fotos presentadas por el demandante-apelado. En éstas, el Tribunal confirmó el deterioro y abandono de las máquinas en el patio de la casa de la demandada-apelante Pabón López. Ante esta prueba, la demandada-apelante no podía cruzarse de brazos; tenía que traer prueba para contrarrestar aquélla presentada por el demandante-apelado, máxime cuando las máquinas aún se encontraban en posesión de la demandada-apelante.
Por otro lado, se plantea que el demandante-apelado Natali Román debió mitigar daños. Esencialmente, quien se encontraba en posición de hacerlo era la demandada-apelante Pabón López. Esta podía reconsiderar sus actuaciones, al llegar a su residencia y observar las máquinas en el patio, y conservar en buen estado la propiedad bajo su posesión.
Por último, aparentemente existe confusión en cuanto a la determinación del Tribunal de Primera Instancia por la cantidad otorgada en concepto de pérdida de ingresos. De una lectura de la sentencia apelada surge que el Tribunal de Primera Instancia otorgó $2,000.00 como compensación por concepto de la pérdida de ingresos que producían las tres máquinas deterioradas. De ordinario, los tribunales de instancia están en una mejor posición que los tribunales apelativos para realizar la labor de estimación de daños al tener contacto directo con la prueba que a esos efectos presenta la parte que los reclama. Por esto los foros apelativos no intervendrán con dicha cantidad, salvo que las cuantías concedidas sean ridiculamente bajas o exageradamente altas. Rodríguez Cancel v. A.E.E., 116 D.P.R. 443, 451 (1985). La parte que solicita la modificación de la cuantía tiene la obligación de demostrar la existencia de circunstancias que ameriten la modificación de las mismas. Vélez Rodríguez v. Amaro Cora, Opinión de 10 de abril de 199S, 95 J.T.S. 38, pág. 759.
En conclusión, ante la ausencia de pasión, prejuicio, parcialidad, o error manifiesto, este Tribunal entiende que no se cometieron los errores señalados. La negligencia de la demandada-apelante Pabón López fue evidente y las partidas concedidas por el Tribunal de Primera Instancia están justificadas por la prueba.
V
En virtud de todo lo anterior, se dicta sentencia confirmando la dictada por el Tribunal de Primera Instancia.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General