ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| GARAJE COLÓN HIJO, INC.<br><br>Apelante<br><br>v.<br><br>CALESA MOTORS, INC.<br><br>Apelado | KLAN202400054 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Municipal de Caguas<br><br>Caso núm.: CG2023CV01836<br><br>Sobre: Cobro de dinero – Regla 60 |
|---|---|---|

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2024.

Comparece la parte apelante, Garaje Colón Hijo, Inc., y nos solicita la revocación de la *Sentencia* emitida el 31 de octubre de 2023, notificada el 1 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala de Caguas (TPI). En el referido dictamen, el TPI declaró *Ha Lugar* la *Moción de Desestimación* instada por la parte apelada, Calesa Motors, Inc. En consecuencia, desestimó con perjuicio la *Demanda* incoada por el compareciente, bajo el fundamento de prescripción.

Por los fundamentos que expondremos, anticipamos la confirmación del pronunciamiento judicial apelado.

**I.**

La causa del título se inició el 8 de junio de 2023, ocasión en que Garaje Colón Hijo presentó una *Demanda* sobre cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, *infra.*[1] En síntesis, alegó que Calesa Motors, descrita como "una corporación incorporada bajo las [l]eyes del Estado Libre Asociado de Puerto Rico", le adeudaba la suma de $9,826.10 por servicios prestados.

---

[1] Apéndice del recurso, págs. 1-5, anejos a las págs. 6-47.

Número Identificador

SEN2024 _____

En específico, el demandante alegó que reparó varios vehículos de motor que eran propiedad del demandado. Acompañó su reclamación con una declaración jurada, en la que el suscribiente, José Manuel Colón Franco, indicó que representaba a la corporación Garaje Colón Hijo, en calidad de presidente. Además, incluyó una veintena de facturas, fechadas entre los años 2012 y 2015.[2] Unió también una carta de cobro enviada por la representación legal del demandante, remitida al demandado por correo certificado el 12 de julio de 2022.

Calesa Motors presentó una *Moción de Desestimación* el 17 de agosto de 2023.[3] Junto al escrito dispositivo, incluyó una declaración jurada prestada por Luis Cotto Camacho —antes gerente general y, en la actualidad, presidente de Calesa Motors— quien afirmó que la corporación se dedica a la compraventa de vehículos de motor. Indicó que la entidad jurídica también envía a reparar vehículos recibidos en concepto de *trade in* para su subsiguiente reventa. Así, pues, explicó que los vehículos reparados en el Garaje Colón y el Garaje Colón Hijo estaban destinados para la reventa y el ánimo de lucro de Calesa Motors.

En esencia, el demandado adujo que la acción civil era de naturaleza mercantil, por lo que el demandante carecía de una causa de acción que justificara la concesión de un remedio. Acotó que de las propias facturas se desprendía que el término prescriptivo de cinco (5) años, al amparo del Artículo 940 del

---

[2] Las facturas son: (1) 6039 de 30 de noviembre de 2012 por $359.57; (2) 6037 de 30 de noviembre de 2012 por $417.30; (3) 12454 de 27 de noviembre de 2013 por $364.98; (4) 0623 de 4 de diciembre de 2014 por $374.00; (5) 0625 de 12 de agosto de 2013 por $321.38; (6) 12453 de 9 de junio de 2013 por $1,280.89; (7) 12238 de 4 de junio de 2014 por $319.72; (8) 12543 de 4 de junio de 2014 por $825.06; (9) 6058 de 14 de mayo de 2014 por $1,128.35; (10) 0627 de 5 de septiembre de 2014 por $374.50; (11) 0926 de 11 de septiembre de 2014 por $568.66; (12) 12493 de 31 de julio de 2014 por $80.25; (13) 12492 de 31 de julio de 2014 por $80.00; (14) 12491 de 31 de julio de 2014 por $96.30; (15) 12239 de 4 de junio de 2014 por $321.00; (16) 12417 de 7 de agosto de 2014 por $441.96; (17) 0544 de 30 de enero de 2015 por $431.16; (18) 0158 de 30 de enero de 2016 por $96.30; (19) 0545 de 30 de enero de 2015 por $1,019.38; (20) 0171 de 13 de febrero de 2015 por $925.34.

[3] Apéndice del recurso, págs. 49-56, anejo a la pág. 57.

Código de Comercio, *infra*, había expirado. Por ende, expuso que la acción instada por el demandante prescribió y solicitó la desestimación de la *Demanda*.

Garaje Colón Hijo instó una *Oposición a Moción de Desestimación.*[4] En ésta, arguyó que la solicitud del demandado era improcedente y negó la aplicación del Código de Comercio a la deuda reclamada. Cuestionó, además, la inclusión de la declaración jurada por ser contraria a la normativa aplicable a una petición para que se desestime una reclamación por las alegaciones; e intimó al foro primario a no tomarla en consideración, por basarse únicamente en la mera declaración de un testigo. Enfatizó las expresiones del demandado sobre que, en su mayoría, los vehículos fueron entregados en calidad de *trade in* con el propósito de lucro. Con relación a la prescripción, adujo que el término aplicable era el de quince (15) años estatuido en el Código Civil.

El demandado replicó.[5] Insistió en la aplicación del Código de Comercio toda vez que la controversia versaba sobre una deuda por servicios prestados por la Corporación demandante, Garaje Colón Hijo, a la Corporación demandada, Calesa Motors, para la reparación de vehículos de motor pertenecientes a esta última y con fines de reventa. Apuntó que, aun tomando como ciertas todas las alegaciones de la *Demanda*, la fatalidad de la prescripción imponía su desestimación, ya que habían transcurrido más de cinco (5) años, entre la fecha de la última factura y la acción civil.

El 1 de noviembre de 2023, el TPI notificó la *Sentencia* aquí apelada, mediante la cual desestimó con perjuicio la *Demanda* de Garaje Colón Hijo, bajo el fundamento de prescripción.[6]

---

[4] Apéndice del recurso, págs. 59-64.
[5] Apéndice del recurso, págs. 65-69.
[6] Apéndice del recurso, págs. 70-82.

Inconforme, Garaje Colón Hijo instó una *Solicitud de Reconsideración*,[7] en la que esgrimió que los servicios de reparación brindados no fueron actos de comercio. A su vez, reiteró argumentos similares a los planteados en la previa *Oposición* (...). El demandante unió a la petición una declaración jurada de 16 de noviembre de 2023, prestada por una empleada del demandante, Coralis del Mar Román López. La declarante afirmó que, entre 2016 y 2019, el demandado había reconocido la acreencia a favor de Garaje Colón Hijo. Calesa Motors se opuso.[8] Recalcó que el Código de Comercio regulaba las relaciones mercantiles entre las partes litigantes. De otro lado, tildó la declaración jurada de la empleada como *self serving* y negó los hechos allí narrados. Por no haber sido alegado en la *Demanda*, intimó al TPI a no considerar el documento. Rechazó, también, que el demandante haya interrumpido el plazo prescriptivo mediante la aceptación de la deuda. Para ello, incluyó la respuesta a la carta de cobro de 2022, en la que expresamente indicó que los documentos suplidos no sustentaban la suma reclamada.

El 18 de diciembre de 2023, el TPI declaró *No Ha Lugar* la solicitud para reconsiderar su previo dictamen.[9] Todavía insatisfecho, Garaje Colón Hijo acudió ante este foro revisor y esbozó los siguientes señalamientos de error:

> **PRIMER ERROR:** EL TRIBUNAL DE PRIMERA INSTANCIA DESESTIMÓ LA ACCIÓN AL AMPARO DE LA REGIA 10.2 DE PROCEDIMIENTO CIVIL, A BASE DE UNA SOLICITUD DE DESESTIMACIÓN QUE INCLUYÓ MATERIAS ADICIONALES A LA ALEGACIÓN IMPUGNADAS —INCLUYENDO UNA DECLARACIÓN JURADA—, LO QUE ES CONTRARIO A LA NORMATIVA APLICABLE.

> **SEGUNDO ERROR:** EL TRIBUNAL DE PRIMERA INSTANCIA CONCLUYÓ QUE APLICABA EL CÓDIGO

---

[7] Apéndice del recurso, págs. 83-87, anejo a la pág. 88.
[8] Apéndice del recurso, págs. 89-94, anejo a las págs. 95-99.
[9] Apéndice del recurso, pág. 100.

DE COMERCIO A BASE DE UNA DECLARACIÓN JURADA QUE NO ESTABLECÍA QUE LA DEUDA ERA UNA MERCANTIL.

**TERCER ERROR:** EL TRIBUNAL DE PRIMERA INSTANCIA DESESTIMÓ LA DEMANDA, A PESAR DE QUE EXISTÍAN CONTROVERSIAS RELACIONADAS A SI LA DEUDA ESTABA PRESCRITA.

Calesa Motors presentó el 23 de febrero de 2024 el *Alegato del Apelado*. Con el beneficio de ambas posturas, procedemos a resolver.

## II.

### A.

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V R. 60, provee para la presentación de reclamaciones dinerarias, que no excedan los $15,000, excluyendo intereses, mediante un procedimiento sumario. El propósito de la norma es simplificar los procesos judiciales para así facilitar el acceso a los tribunales, a través de mecanismos ágiles y simples, en causas de menor cuantía. *Asoc. Res. Colinas Metro v. S.L.G.*, 156 DPR 88, 96 (2002); *Pérez Colón v. Cooperativa de Cafeteros*, 103 DPR 555, 558-559 (1975). De esta manera, se da cumplimiento al principio de impartir justicia de forma rápida, equitativa y económica. Regla 1 de Proc. Civil, 32 LPRA Ap. V, R. 1.

En general, la Regla 60, *supra,* establece que la parte demandante debe indicar que no desea tramitar la demanda bajo el procedimiento ordinario y presentar un proyecto de notificación-citación. La parte demandante es responsable de diligenciar la notificación-citación —por correo certificado o entrega personal— con copia de la demanda, dentro de un plazo de diez (10) días, a partir de la presentación de su reclamación. Esta notificación-citación es de naturaleza jurisdiccional, ya que tiene una función dual: por un lado, notifica al demandado de la reclamación en cobro de dinero presentada en su contra y, por el otro, cita al

promovido para la vista en su fondo. *Cooperativa v. Hernández Hernández,* 205 DPR 624, 633-635 (2020). El documento debe indicar la fecha señalada para la vista y advertir a la parte demandada que, de no comparecer, podrá dictarse sentencia en rebeldía en su contra.

En lo pertinente a la causa del título, el Tribunal Supremo de Puerto Rico ha expresado que **las Reglas de Procedimiento Civil aplican de manera supletoria al procedimiento establecido en la Regla 60**, *supra,* siempre y cuando éstas sean **compatibles con el procedimiento sumario** de la norma procesal. *Asoc. Res. Colinas Metro v. S.L.G., supra,* pág. 98. Como se conoce, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, provee para que aquél contra quien se haya presentado una reclamación judicial solicite la desestimación de ésta cuando **de las propias alegaciones de la demanda surge que alguna de las defensas afirmativas prosperará**. *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 701 (2012), que cita a *Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569 (2001). La **prescripción** es una de las **defensas afirmativas** consignadas en las Reglas de Procedimiento Civil. Regla 6.3 (q) de Procedimiento Civil, 32 LPRA Ap. V, R. 6.3 (q). La petición al palio de esta norma procesal debe basarse en uno o varios de los siguientes fundamentos: falta de jurisdicción sobre la materia o la persona, insuficiencia del emplazamiento o en su diligenciamiento, **dejar de exponer una reclamación que justifique la concesión de un remedio**, o dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*; *Conde Cruz v. Resto Rodríguez et al,* 205 DPR 1043, 1065-1066 (2020). Por tanto, **si de las alegaciones de la demanda surge que la acción prescribió, un demandado puede presentar una moción de desestimación por prescripción al amparo de la Regla 10.2, fundada en que la demanda deja de exponer una**

**reclamación que justifique la concesión de un remedio**. *Conde Cruz v. Resto Rodríguez et al, supra,* pág. 1066.

Al evaluar una moción de desestimación cuando se alega que la parte demandante dejó de exponer una reclamación que justifique la concesión de un remedio, el tribunal debe tomar "como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 504-505 (1994). Además, el juzgador debe considerar los hechos bien alegados de la forma más favorable a la parte demandante. *López García v. López García,* 200 DPR 50, 69 (2018). Ante una petición desestimatoria, sólo procede su concesión cuando surja de las alegaciones fácticas bien expuestas que la parte demandante no es acreedora de "remedio alguno bajo cualquier estado de [D]erecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". (Corchetes en el original). *Id.*, pág. 70, que cita con aprobación a *Rivera Sanfeliz et al v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015).

Como es sabido, cuando se presenta una moción de desestimación fundamentada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, si se expone alguna materia no contenida en las alegaciones, y el tribunal no la excluye, el escrito deberá considerarse como una solicitud de sentencia sumaria y procede su resolución bajo el crisol de la Regla 36. *Luan Invest. Corp. v. Rexach Const. Co.,* 152 DPR 652, 664 (2000); *Torres Capeles v. Rivera Alejandro,* 143 DPR 300, 309 (1997). A su vez, la Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2, establece que "[u]na parte contra la cual se haya formulado una reclamación podrá presentar (...) una **moción fundada en declaraciones juradas** o en aquella evidencia que

demuestre la **inexistencia de una controversia sustancial de hechos esenciales y pertinentes**, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación". (Énfasis nuestro).

**B.**

De conformidad con el Artículo 1 del Código de Comercio, 10 LPRA sec.1001, **son comerciantes** "(1) [l]os que, teniendo capacidad legal para ejercer el comercio, se dedican a él habitualmente, en nombre propio[;] (2) [l]as compañías, **corporaciones** y asociaciones mercantiles o industriales, que **se constituyeren con arreglo** a este Código o a **leyes especiales** (…)". (Énfasis nuestro). Asimismo, el Artículo 2 del mismo cuerpo legal dispone como sigue:

> **Los actos de comercio** sean o no comerciantes los que los ejecuten, y **estén o no especificados en este Código, se regirán por las disposiciones contenidas en él**; y en su defecto, por los usos del comercio observados generalmente en cada plaza, y a falta de ambas reglas, por las del derecho común. **Serán reputados actos de comercio los comprendidos en este Código, y cualesquiera otros de naturaleza análoga**. (Énfasis nuestro). 10 LPRA sec. 1002.

Con relación a las transacciones mercantiles, el Tribunal Supremo de Puerto Rico ha opinado que tener las características de comerciante, por sí solo, no es determinante para aplicar las disposiciones del Código de Comercio, sino "la compraventa de cosas muebles para revenderlas, bien en la misma forma que se compraron, o bien en otra diferente, con ánimo de lucrarse en la reventa". Artículo 243 del Código de Comercio, 10 LPRA sec. 1701; *Soc. de Gananciales v. Paniagua Díaz*, 142 DPR 98, 107-108 (1996). El elemento que distingue principalmente la compraventa mercantil de la civil es el doble propósito del comprador de revender ulteriormente las cosas compradas y de obtener un lucro. *Ramallo Brothers Printing, Inc. v. Ramis*, 133 DPR 436, 440 (1993). Por reventa se entiende "volver a vender lo que se ha comprado con

ese intento". *Soc. de Gananciales v. Paniagua Díaz, supra*, pág. 108. Así, pues, se puede colegir que la transacción se reputa mercantil si las personas que hayan concertado la transacción son comerciantes y si está presente el doble propósito del comprador de revender ulteriormente las cosas compradas y de obtener un lucro.[10] *Ramallo Brothers Printing, Inc. v. Ramis, supra*, pág. 440; *Reece Corp. v. Ariela, Inc.*, 122 DPR 270, 276-277 (1988). Claro está, la parte que invoca el Código de Comercio tiene el peso de probar su aplicación. *Pescadería Rosas, Inc. v. Lozada*, 116 DPR 474, 481 (1985).

El Código de Comercio dispone que **los acuerdos mercantiles**, "en todo lo relativo a sus requisitos, modificaciones, excepciones, interpretación y extinción y a la capacidad de los contratantes, **se regirán**, en todo lo que no se halle expresamente **establecido en este Código o en leyes especiales**, por las reglas generales del derecho común". (Énfasis nuestro). Artículo 81 del Código de Comercio, 10 LPRA sec. 1301. Por ende, los ordenamientos legales prevalecientes son el Código de Comercio y las leyes especiales que rijan las materias mercantiles; y **de manera supletoria, las normas estatuidas en el Código Civil**. *Oliveras, Inc. v. Universal Ins. Co.*, 141 DPR 900, 921 (1993); *Julsrud v. Peche de P.R., Inc.*, 115 DPR 18, 21 (1983).

De otro lado, el Artículo 939 del Código de Comercio, 10 LPRA sec. 1901, establece que **los términos fijados para el ejercicio de las acciones procedentes de contratos mercantiles son fatales**, "sin que contra ellos se dé restitución". Por su parte, el Artículo 940, 10 LPRA sec. 1902, dispone que las acciones bajo el Código de Comercio que no tengan un plazo prescriptivo

---

[10] Por el contrario, el Artículo 244 del Código de Comercio, 10 LPRA sec. 1702, establece, en parte, que "**[n]o se reputarán mercantiles**: (1) Las compras de efectos **destinados al consumo** del comprador o de la persona por cuyo encargo se adquirieren. (...) (4) La **reventa que haga cualquiera persona no comerciante** del resto de los acopios que hizo para su consumo". (Énfasis nuestro).

determinado **prescribirán a los cinco (5) años**. El alto foro ha opinado que la brevedad de los términos prescriptivos en el derecho mercantil, en comparación con los del derecho general civil, se justifica por las exigencias peculiares del tráfico comercial. *Ramallo Brothers Printing, Inc. v. Ramis, supra,* pág. 441. Cabe señalar que el Código de Comercio es más restrictivo en cuanto a la manera de interrumpir los términos prescriptivos; y "**no reconoce la reclamación extrajudicial de la acción como método para interrumpir la prescripción**". *Pacheco v. Nat'l Western Life Ins. Co.,* 122 DPR 55, 63 (1988). A esos efectos, el Artículo 941 del Código de Comercio, 10 LPRA sec. 1903, estatuye en parte que "[l]a prescripción se interrumpirá por la demanda u otro **cualquier género de interpelación judicial** hecho al deudor; por el **reconocimiento de las obligaciones**, o por la **renovación del documento** en que se funde el derecho del acreedor". (Énfasis nuestro).

### III.

En el caso del epígrafe, la parte apelante alega que el TPI erró al desestimar su causa de acción al amparo de la Regla 10.2 de Procedimiento Civil, *supra.* Indica que la parte apelada incluyó una declaración jurada, lo que considera contrario a la norma procesal. Sostiene, además, que el Código de Comercio no aplica a la acreencia que reclama. Para ello, no obstante, invoca el propio ordenamiento en aquella parte que establece que "la declaración de testigos no será por sí sola bastante para probar la existencia de un contrato, cuya cuantía exceda de trescientos dólares, a no concurrir con alguna otra prueba",[11] en referencia a la declaración jurada incluida. Garaje Colón Hijo aboga también por la existencia de controversias, relacionadas con la prescripción de la

---

[11] Art. 82 del Cód. de Comercio, 10 LPRA sec. 1302.

reclamación, en torno a su interrupción. Ello así, al afirmar que Calesa Motors reconoció la deuda.

Según reseñamos, las Reglas de Procedimiento Civil aplican de manera supletoria en el procedimiento sumario provisto por la Regla 60 de Procedimiento Civil, *supra.* Decididamente, una solicitud de desestimación, amparada en que no se expuso una reclamación que justifique la concesión de un remedio, toda vez que, de las mismas alegaciones del apelante se desprende que la defensa afirmativa de prescripción prevalecerá, es compatible con el procedimiento sumario de cobro de dinero. Por tanto, somos del criterio que Calesa Motors podía presentar, como en efecto hizo, la *Moción de Desestimación* de autos.

En cuanto a la declaración jurada anejada a la petición, en la que el apelado aseveró que la veintena de "vehículos que se mandaban a reparar en el (...) Garaje Colón Hijo se les reparaba su carrocería en dicho garaje, con el propósito de revenderlos", el apelante se cruzó de brazos. Éste se limitó a alegar sobre la supuesta improcedencia del documento, sin contestar de forma detallada y específica, y omitió presentar una *Oposición* (...) sujeta a los rigores de la Regla 36.3 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (b).

Con relación al Artículo 82 del Código de Comercio antes citado, que el apelante reprodujo para impugnar la procedencia de las aseveraciones consignadas en la declaración jurada del apelado, sobre la insuficiencia probatoria de la declaración de testigos para evidenciar un contrato, el estatuto citado alude también a la concurrencia de otra prueba en apoyo al testimonio. En este caso, de los hechos alegados en la *Demanda* y los anejos unidos a ésta, junto al documento jurado, se deriva que Garaje Colón Hijo reparó una veintena de unidades de motor, propiedad

de la corporación Calesa Motors, con el propósito de que ésta los revendiera como parte de su actividad lucrativa.

Nótese que nos encontramos ante dos entes jurídicos que se dedican a sus respectivos negocios. En el caso del apelado, a la compraventa de vehículos de motor y aceptación de automóviles en *trade in* para su reventa; y en cuanto al apelante, a la reparación de vehículos de motor. Es decir, una vez Calesa Motors aceptaba un vehículo en *trade in*, solicitaba la reparación de éste a Garaje Colón Hijo con el propósito de revenderlo en ánimo de lucro. En la relación mercantil, el apelante se beneficiaba del alto volumen de unidades de motor para reparar. Recuérdese que el Código de Comercio establece que los actos de comercio, estén o no comprendidos en su cuerpo legal, se rigen por sus disposiciones. En suma, ambos litigantes son negociantes que realizan sus respectivos actos de comercio y cuyas disputas se atienen a lo dispuesto en el Código de Comercio y a las leyes especiales.[12]

Ahora bien, las veinte facturas que totalizan $9,826.10 y que Garaje Colón Hijo reclama datan entre los años 2012 al 2015; mientras que la *Demanda* se incoó en el 2023. Esto es, habían transcurrido ocho (8) años. Es forzoso concluir, que la defensa de prescripción levantada por Calesa Motors procede.

Respecto al supuesto reconocimiento de la deuda por parte del apelado, claramente el expediente muestra que Garaje Colón Hijo no lo alegó en la *Demanda* ni en la *Oposición* (...). La alegación tardía, acomodaticia y ausente de especificidad de 2023 surgió por primera vez en la etapa de reconsideración. Por su parte, desde 2022, Calesa Motors acreditó su negación de la acreencia que

---

[12] El Artículo 2.02 de la Ley General de Corporaciones, 14 LPRA sec. 3501 *et seq.*, reconoce a estas entidades jurídicas la capacidad de demandar y ser demandada bajo su nombre corporativo en cualquier procedimiento judicial, administrativo, de arbitraje o de cualquier otro género. Art. 2.02 de la Ley Núm. 164-2009, 14 LPRA sec. 3522. Además, entre otras facultades, las corporaciones tienen capacidad jurídica plena para adquirir bienes y obligarse en el tráfico comercial. C. Díaz Olivo, *Tratado sobre Derecho Corporativo,* Colombia, 2016, sec. 1.03, pág. 19.

reclama el apelante. En la misiva de respuesta al cobro, el apelado cuestionó las facturas y solicitó evidencia adicional para validarlas. Huelga decir que el Código de Comercio no sólo estatuye un lustro de prescripción, sino que rechaza la interrupción extrajudicial, que sí es válida en el ordenamiento civil. Debemos deducir, entonces, que la reclamación del apelante está fatalmente prescrita, por virtud del Artículo 940 del Código de Comercio, *supra*.

Luego de una revisión *de novo* del expediente ante nos y al aceptar como ciertos los hechos correctamente expuestos en la *Demanda*, así como la defensa invocada por el apelado, concluimos que el TPI, como cuestión de Derecho, estaba facultado para desestimar con perjuicio sumariamente la reclamación del apelante, bajo el fundamento de prescripción. Regla 36.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (c).

**IV.**

Por los fundamentos expuestos, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones