Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Grupo Symenta, LLC<br><br>Apelado<br><br>vs.<br><br>Noah Assad Byrne, Joann Nicolle Toro y la Sociedad Legal de Gananciales compuesta por ambos; NAB Development, LLC; y NG Restaurants, LLC<br><br>Apelante | TA2025AP00631 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV10375<br><br>Sobre: Incumplimiento de Contrato, Daños, Interferencia Torticera |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece ante nos NAB Development, LLC (NAB o apelante) y nos solicita la revocación de la Sentencia Parcial emitida, el 12 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el referido dictamen, el foro apelado declaró No Ha Lugar la solicitud de desestimación presentada por el apelante.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, confirmamos el dictamen apelado mediante los fundamentos que expondremos a continuación.

**I.**

El 7 de noviembre de 2024, Grupo Symenta, LLC (Symenta o apelado) interpuso una Demanda en contra de NAB; NG Restaurants, LLC; el señor Noah Assad Byrne, la señora Joann Nicolle Toro y la sociedad legal de gananciales compuesta por

ambos. En el escrito se alegó sobre el incumplimiento contractual, más daños y perjuicios por la violación de los términos y condiciones de un contrato verbal entre las partes. Señaló que el apelante, de manera abrupta y simultánea, detuvo los pagos de las facturas relacionada a los siguientes proyectos: la residencia ubicada en la urbanización Los Paseos; la rehabilitación de la residencia ubicada en Punta Las Marías y la construcción del restaurante Lala en Mall of San Juan. Igualmente, el acuerdo contemplaba que Symenta recibiría el 15% de las ganancias generadas de la propiedad de Los Paseos. La suma estimada del precio de venta proyectaba alrededor de $4.5 millones de dólares.

Los hechos en la demanda detallan que el apelante contrató a Symenta para la construcción de una residencia ubicada en la Urbanización la Fuente, Calle Tivioli A4, en Los Paseos, San Juan, Puerto Rico. Luego de dos (2) años de comenzados los trabajos de construcción, se le prohibió la entrada al personal de Symenta para la continuación de las labores. Según se desprende de las alegaciones, a la fecha en la que se logró recuperar el acceso a la residencia, NAB adeudaba ciertas cantidades de los trabajos realizados en los proyectos antes mencionados. Symenta le manifestó que, hasta tanto no supliera las cantidades adeudadas de estos trabajos, no continuarían con la construcción de la residencia. Sin embargo, el apelante se negó y, presuntamente, vendió la residencia por la cantidad de $1 millón de dólares.

Posteriormente, el 13 de enero de 2025, NAB presentó una Moción de Desestimación al amparo de la Regla 10.2(5) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Argumentó que, no existía un contrato válido y que, por lo tanto, los proyectos no generaron ganancia alguna. Señaló que, de igual manera se desprende de las alegaciones del apelado. Por ende, no corresponde adjudicación o discusión alguna sobre distribución de

ganancias. En la alternativa arguyó que, de existir un contrato entre las partes, el mismo se considera un contrato mercantil. Arguyó que, a la luz de lo dispuesto en el Código de Comercio, el contrato debía constar por escrito para probar su existencia.

En respuesta, el 3 de febrero de 2025, la parte apelada instó la Oposición a Solicitud de Desestimación de NAB Development LLC. Sostuvo que, la Demanda Enmendada contiene alegaciones que justifican la concesión de un remedio. Especificó que, la misma contiene los detalles en particular para cada proyecto, incluyendo el perteneciente a NAB.

Ante ello, el 10 de febrero de 2025, el apelante presentó una Réplica a Oposición a Moción de Desestimación en la cual insistió que el proyecto de Los Paseos no generó ganancia alguna. Argumentó que, al aludir que los documentos se producirán en el descubrimiento de prueba, precisamente demuestran que el apelado no puede evidenciar el derecho al 15% de las ganancias.

Respectivamente, el 4 de marzo de 2025, Symenta presentó una Dúplica a Réplica a Oposición a Solicitud de Desestimación. Por medio de esta arguyó que, al culminar el contrato, presentó una factura por la cantidad de $1,200,000.00 por los trabajos de construcción realizados. Resaltó que, el proyecto no se pudo culminar debido a los actos del apelante. Enfatizó en que, el hecho de que la propiedad se haya vendido por un precio menor, no implica que no pueda cobrar suma alguna.

Analizado los escritos de las partes, el 12 de septiembre de 2025, el TPI emitió una Sentencia Parcial, por medio de la cual declaró No Ha Lugar a la solicitud de desestimación presentada por NAB. Conforme a las Reglas de Procedimiento Civil, el foro apelado consignó los siguientes hechos incontrovertidos:

*1. NG Restaurants LLC es una compañía de responsabilidad limitada, organizada el 29 de*

*noviembre de 2021, bajo las leyes del Gobierno de Puerto Rico.*

*2. NG Restaurants, LLC es la dueña del restaurante "Lala", localizado en el espacio 135 del centro comercial The Mall of San Juan, en San Juan, Puerto Rico.*

*3. Noah K. Assad no es el dueño, en su carácter personal, del restaurante "Lala", localizado en el espacio 135 del centro comercial The Mall of San Juan, en San Juan, Puerto Rico.*

*4. NAB Development, LLC es una compañía de responsabilidad limitada, organizada el 29 de enero de 2021 bajo las leyes del Gobierno de Puerto Rico.*

*5. El 25 de febrero de 2021, NAB Development, LLC otorgó la Escritura número 44 sobre compraventa, para adquirir la propiedad localizada en la urbanización Paseo de la Fuente, Calle Tivoli A4, San Juan, Puerto Rico.*

*6. Noah K. Assad nunca fue ni ha sido dueño, en su carácter personal, de la propiedad localizada en la urbanización Paseo de la Fuente, Calle Tivoli A4, San Juan, Puerto Rico.*

*7. AT Holdings, LLC es una compañía de responsabilidad limitada, organizada el 18 de abril de 2022 bajo las leyes del Gobierno de Puerto Rico.*

*8. El 13 de julio de 2022, AT Holdings, LLC otorgó la Escritura número 24 sobre compraventa, para adquirir la propiedad localizada en la urbanización Punta Las Marías, Calle Inga #14, San Juan, Puerto Rico.*

*9. AT Holdings, LLC es la dueña de la propiedad localizada en la urbanización Punta Las Marías, Calle Inga #14, San Juan, Puerto Rico.*

*10. Ni la Sra.Jo-Ann Nicolle Toro Maldonado, ni el Sr. Noah K. Assad son y/o han sido dueños en su carácter personal, de la propiedad localizada en la urbanización Punta Las Marías, Calle Inga #14, San Juan, Puerto Rico.*

Además, estableció que los siguientes hechos se mantienen en controversia:

*1. Los términos y condiciones del alegado acuerdo verbal entre Grupo Symenta y NAB Development, con relación al proyecto de Los Paseos, incluyendo si contemplaba o no que Grupo Symenta recibiría un 15 % de la ganancia de la venta de la residencia localizada en Los Paseos.*

*2. Si el proyecto de los paseos generó ganancias o pérdidas.*

*3. Si existe prueba suficiente, más allá de la testifical que acredite el alegado contrato mercantil.*

*4. Si NG Restaurants LLC adeuda a Grupo Symenta la suma de $64,300.46 luego de descontar los pagos directos a los suplidores.*

En lo pertinente, el foro primario concluyó que el alegado contrato es de naturaleza mercantil, toda vez que el propósito de la transacción era construir un proyecto residencial, el cual generaría ganancias tan pronto fuera vendido. Sin embargo, determinó que, el análisis de la suficiencia de prueba no podía ser analizado mediante esta Moción de Desestimación. A tenor, le ordenó al apelante que, en el término de 20 días presentara la alegación responsiva correspondiente.

Inconforme, el 29 de septiembre de 2025, el apelante presentó una Moción de Reconsideración en la cual repitió que, aun tomando como ciertos los hechos establecidos en la Demanda Enmendada, no se justifica el pago reclamado por el apelado.

Por su parte, el 20 de octubre de 2025, Symenta presentó su Oposición a la Moción de Reconsideración de NAB. Arguyó que, conforme a nuestro ordenamiento jurídico, la falta de un contrato escrito no equivale a su inexistencia.

El 4 de noviembre de 2025, el TPI declaró No Ha Lugar la solicitud de NAB mediate una Resolución.

En desacuerdo, NAB recurrió ante este foro apelativo y señaló la comisión de los siguientes errores:

*1. Erró el Honorable TPI al declarar no ha lugar la solicitud de desestimación bajo el fundamento de que las alegaciones de la Demanda eran suficientes para sostener una reclamación.*

*2. Erró el Honorable TPI al declarar no ha lugar la solicitud de desestimación bajo el fundamento de que el análisis sobre la suficiencia de prueba sobre el contrato mercantil era prematuro.*

El 8 de diciembre de 2025, emitimos una Resolución en la cual le concedimos al apelado un término a vencer el 17 de

diciembre de 2025. Conforme a lo ordenado, Symenta radicó su Alegato en Oposición.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nos.

**II.**

**A.**

Nuestro esquema procesal avala que un demandado solicite la desestimación de una reclamación judicial, cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante. *Rodríguez Vázquez v. Hosp. Auxilio Mutuo,* 2025 TSPR 55, 215 DPR ___ (2025); *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024). A tales efectos, la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite solicitar la desestimación cuando la demanda deja de exponer una reclamación que justifique la concesión de un remedio.

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra,* es una defensa que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006). En general, la Regla 10.2 de Procedimiento Civil, *supra,* "recoge defensas que pueden plantearse, a opción del demandado, en una moción de desestimación antes de contestar o en la misma contestación a la demanda". *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009) (citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 4ta ed., San Juan, Ed. Lexisnexis, 2007, Sec. 2601, pág. 230).

De ahí que, al considerar una moción para desestimar una demanda por ésta dejar de exponer una reclamación que justifique la concesión de un remedio, deba ser evaluada de forma crítica. Ello, puesto que el tribunal está obligado a tomar como ciertos los hechos bien alegados en la demanda. Hecha esta salvedad, el Tribunal interpretará las aseveraciones de la demanda en la forma más favorable para el demandante, formulando en su favor todas las inferencias que puedan asistirle. *Rivera Sanfeliz, et al. v. Jta. Dir. First Bank,* 193 DPR 38, 49 (2015).

Ante una petición de tal naturaleza, "los tribunales deberán examinar los hechos alegados en la demanda lo más liberalmente posible a favor de la parte demandante". *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012). Para que la moción de desestimación prospere, la parte demandada tiene que demostrar que la parte demandante no tiene derecho a remedio legal alguno:

> *Así, para que una moción de desestimación pueda prosperar, se tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. Inmob. Baleares et al. v. Benabe et al.,* 214 DPR 1109, 1128-1129 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 396 (2022)

En fin, "la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación". *Pressure Vessels PR. v. Empire Gas P.R.,* 137 DPR 497, 505 (1994). Consecuentemente, se debe considerar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Íd.*

Por otro lado, la Regla 10.2 de Procedimiento Civil, *supra,* establece que un tribunal podrá atender la moción de

desestimación, presentada al amparo del inciso (5), como una solicitud de sentencia sumaria si se presentan materias no contenidas en la alegación impugnada, y estas no son excluidas:

> *Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.* (Citas omitidas). 32 LPRA Ap. V, R. 10.2.

En *Torres Capeles v. Rivera Alejandro*, 143 DPR 300, 309 (1997), el Tribunal Supremo de Puerto Rico interpretó lo dispuesto en la Regla 10.2 de Procedimiento Civil, *supra*, de la siguiente manera:

> *La conversión de una moción de desestimación en una de sentencia sumaria, a tenor con esta regla, puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido, sometan materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. El tribunal tiene plena discreción para aceptar o no la materia evidenciaria que se acompaña. Esta discreción normalmente la ejerce tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración.*

**B.**

Es norma reiterada que, la sentencia sumaria es la herramienta procesal que procura la solución rápida, justa y económica de aquellos casos en los que no existen hechos materiales en controversia que ameriten la celebración de un juicio. *Soto y otros v. Sky Caterers,* 2025 TSPR 3, 215 DPR ___ (2025); *Oriental Bank v. Caballero García*, 212 DPR 678 (2023). En tal caso, la Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, permite la presentación de una moción de sentencia sumaria respaldada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Oriental Bank v. Perapi et al.,* 192

DPR 7, 25 (2014); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).

Cónsono con lo anterior, la Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36. 3, instaura los requisitos de forma respecto a esta moción:

> *(1) Una exposición breve de las alegaciones de las partes;*
>
> *(2) los asuntos litigiosos o en controversia;*
>
> (3) *la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
>
> (4) *una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
>
> (5) *las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
>
> (6) *el remedio que debe ser concedido.*

Por su parte, quien presente el escrito de oposición a la sentencia sumaria también tiene que cumplir con los requisitos de la Regla 36.3(c) de Procedimiento Civil, *supra*. A tales fines, la parte opositora puede derrotar tal solicitud si presenta un escrito que establezca la existencia de hechos esenciales[1] en controversia:

> *En la oposición a una solicitud de sentencia sumaria, el promovido debe, como parte de su carga, puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte una sentencia sumaria en su contra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición según exige la Regla 36.3. En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. León Torres v. Rivera Lebrón*, 204 DPR 20, 44 (2020); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 677 (2018).

---

[1] Según la jurisprudencia, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García, supra*, a la pág. 679.

Una vez se presente la solicitud de sentencia sumaria y su respectiva oposición, el foro primario deberá: (1) analizar todos los documentos incluidos en ambas mociones y aquellos que obren en el expediente del tribunal; y (2) determinar si la parte opositora controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido refutadas en forma alguna por los documentos. *Consejo Tit. v. Rocca Dev. Corp. et als.*, 25 TSPR 6, 215 DPR __ (2025); *Abrams Rivera v. E.L.A.,* 178 DPR 914, 933 (2010). En cuanto a los documentos presentados, "éstos deben verse de la forma más favorable para la parte promovida, concediéndole a ésta el beneficio de toda inferencia razonable que se pueda derivar de ellos". *Medina v. M.S. & D. Química P.R., Inc.,* 135 DPR 716, 735 (1994); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 DPR 714, 721 (1986).

No obstante, como regla general, no es aconsejable dictar sentencia sumaria si hay asuntos de credibilidad que ameritan la celebración de un juicio. A tales efectos, el Tribunal Supremo de Puerto Rico ha validado la aplicación de este mecanismo siempre y cuando no existan controversias esenciales sobre hechos materiales:

> *[N]o es aconsejable utilizar la moción de sentencia sumaria en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa. Soto v. Hotel Caribe Hilton, 137 DPR 294 (1994). Sin embargo, esto no impide utilizar el mecanismo de sentencia sumaria en reclamaciones que requieren elementos subjetivos o de intención —como pasa en un caso de discrimen— cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge que no existe controversia en cuanto a los hechos materiales. Ramos Pérez v. Univisión, 178 DPR 200, 219 (2010).*

Efectuado ese análisis, el tribunal podrá dictar sentencia sumaria "si queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y que es innecesaria una vista en los méritos". *Birriel Colón v. Econo*

*y Otro*, 213 DPR 80, 91 (2023); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021). La concesión de este recurso procede si de la prueba que acompaña a la moción surge preponderantemente la inexistencia de controversia sobre hechos medulares. *CSM v. ELA*, 2025 TSPR 78, 216 DPR ___ (2025); *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024). Es decir, el foro primario deberá dictar sentencia sumaria cuando ante los hechos materiales no controvertidos: (1) el promovido no puede prevalecer frente al derecho aplicable, y (2) el tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia. *Oriental Bank v. Caballero García, supra*, a la pág. 679; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012).

Por otra parte, nuestro ordenamiento jurídico procesal reconoce la sentencia sumaria por insuficiencia de prueba en aquellos casos donde la parte promovente alega que el adversario no cuenta con suficiente evidencia para prevalecer en el juicio. *Medina v. M.S. & D. Química P.R., Inc.,* supra, a la pág. 726. Bajo esta modalidad, una vez que las partes han realizado un adecuado y apropiado descubrimiento de prueba, el promovente puede solicitar la sentencia sumaria alegando insuficiencia de prueba por parte del promovido. *Íd.*

Bajo esta modalidad, en *Ramos Pérez v. Univisión, supra* se indicó que el promovente debe demostrar que: 1) la vista es innecesaria; 2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial; 3) como cuestión de derecho procede la desestimación de la reclamación.

Así, pues, para presentar una moción de sentencia sumaria por insuficiencia de prueba, se debe de haber finalizado el procedimiento de descubrimiento de prueba. Bajo este crisol doctrinario, al presentarse una moción de sentencia sumaria por insuficiencia de prueba, el promovente tiene el peso de demostrar

que se ha llevado a cabo un descubrimiento de prueba completo, adecuado y apropiado. Véase *Medina v. M.S. & D. Química P.R. Inc., supra.* Cónsono con lo anterior, para derrotar una moción de sentencia sumaria por insuficiencia de prueba, la parte promovida puede, entre otras cosas, alegar que la moción es prematura porque el descubrimiento es inadecuado, está a medias o no se ha realizado; o que éste, por su naturaleza, no es un caso que conviene se resuelva por el mecanismo de sentencia sumaria. *Medina v. M.S. & D. Química P.R. Inc.*, supra.

Por último, si una parte resulta inconforme con el dictamen relacionado con la solicitud de sentencia sumaria tiene derecho a recurrir a la etapa apelativa. En tales circunstancias, nos encontramos en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. *Cruz, López v. Casa Bella y otros, supra,* a la pág. 994; *Birriel Colón v. Econo y otro, supra,* a la pág. 91. Así que, ostentamos la facultad de examinar *de novo* el expediente y aplicar los criterios que exigen la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia interpretativa. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679 (2018). No obstante, nuestra autoridad revisora es limitada, pues solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 114-155 (2015). Esta limitación responde a que carecemos de facultad para adjudicar hechos materiales en disputa, toda vez que esa tarea corresponde al foro primario. *Íd.*; *Vera v. Dr. Bravo*, 161 DPR 308, 335 (2004).

## C.

"Nuestro ordenamiento procesal no establece requisitos complicados para la redacción de una demanda. Meramente se exige que el escrito comprenda una relación sucinta y sencilla de

los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio". *León Torres v. Rivera Lebrón*, 204 DPR 20, 40 (2020), interpretando la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R 6.1.

En cuanto a las alegaciones, la Regla 6.1 de Procedimiento Civil, *supra,* dispone que, una alegación que exponga una solicitud de remedio contendrá lo siguiente: "(1) Una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio; y (2) una solicitud del remedio a que crea tener derecho.  Podrán ser solicitados remedios alternativos o de diversa naturaleza". *Íd.*  Conforme a lo anterior, "no tienen que exponerse detalladamente en la demanda todos los hechos que dan base a la reclamación". *León Torres v. Rivera Lebrón*, supra, a la pág. 40 (citando el Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, diciembre 2007, Vol. I, pág. 70).  Lo esencial es que, "a la luz de las alegaciones de la demanda, los demandados estén razonablemente prevenidos de lo que los demandantes intentan reclamar". *Ortiz Díaz v. R & R Motors Sales Corp.*, 131 DPR 829, 835 (1992). Ahora bien, es norma reiterada que, "las alegaciones se interpretarán de manera conjunta y liberalmente a favor de la parte demandante, con el objetivo de hacer justicia". *León Torres v. Rivera Lebrón, supra*, a la pág. 40; *Torres, Torres v. Torres*, 179 DPR 481, 501 (2010). En fin, nuestro más Alto Foro reiteradamente ha "advertido que el propósito de las alegaciones es notificar a la parte contraria, a grandes rasgos, de las reclamaciones en su contra para, de este modo, brindarle la oportunidad de comparecer al proceso y defenderse, si es que lo desea". *Íd.*, a la pág. 41.

Por otro lado, la Regla 6.5 de Procedimiento Civil establece que "[c]ada aseveración en una alegación será sencilla, concisa y directa. No se exigirán fórmulas técnicas para la redacción de las

alegaciones o mociones. Todas las alegaciones se interpretarán con el propósito de hacer justicia". 32 LPRA Ap. V, R. 6.5. De otra parte, dispone que, sujeto a lo dispuesto en la Regla 9, una parte podrá formular en la alternativa cuantas reclamaciones o defensas tenga, aunque sean incompatibles. *Íd.*

En ese sentido, el documento debe incluir "un mínimo de detalle que informe sobre los alegados actos lesivos que causaron el alegado perjuicio". *León Torres v. Rivera Lebrón*, supra, a la pág. 41, citando a J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, 1ra ed. rev., [s. l.], [ed. del autor], 2012, a la pág. 86. En concreto, "debe contener un grado suficiente de información sobre las imputaciones de suerte que le permita a la parte demandada entender la sustancia de lo que debe defender. De lo contrario la parte en la defensiva tendría que adivinar las causas a ser litigadas en su contra". *Íd.*, a la pág. 80.

Asimismo, el Tribunal Supremo ha resuelto que "en la demanda 'no hay que especificar bajo qué disposición legal se reclama, basta con que de los hechos que esquemáticamente se alegan surja una causa de acción bajo cualquier ley'". *Dorante v. Wrangler de P.R.,* 145 DPR 408, 414 (1998); *Rivera Flores v. Cía. ABC*, 138 DPR 1, 8 (1995). Después de todo, los tribunales conceden lo que en derecho procede, no lo que se les pide, aunque el remedio haya sido solicitado en la súplica o en las alegaciones. *Íd.*, a la pág. 414; *Rivera Flores v. Cía. ABC, supra.* "Son los hechos alegados y no el título o súplica de la demanda lo que constituye la base determinante de la existencia de una causa de acción." *Íd.* (citando a *Granados Navedo v. Rodríguez Estrada I,* 124 DPR 1 (1989)).

**D.**

La actividad comercial en Puerto Rico es regulada por el Código de Comercio, y de manera supletoria, aplican las

disposiciones del Código Civil. El Art. 1 del Código de Comercio define a los comerciantes como aquellos que, teniendo la capacidad legal para ejercer el comercio, se dedican habitualmente a él, en nombre propio y aquellas compañías, corporaciones y asociaciones mercantiles o industriales, que se constituyan con arreglo a la referida pieza legislativa o a las leyes especiales, y las corporaciones y compañías que se hayan organizado en el extranjero, también para fines mercantiles e industriales, y estén debidamente autorizadas para realizar negocios en Puerto Rico. 10 LPRA sec. 1001. El elemento esencial que distingue una compraventa mercantil, de una civil, descansa en la intención del comprador. *Recee Corp. v. Ariela, Inc.*, 122 DPR 270, 276 (1941). Para ello, debemos analizar si el contrato sirve para un doble propósito, revender y la adquisición de un lucro. *Recee Corp. v. Ariela, Inc.*, 122 DPR 270, 276-277 (1941). Un contrato de compraventa se considera mercantil cuando se efectúe para revender los bienes adquiridos, "bien en la misma forma que se compraron, o bien en otra diferente, con ánimo de lucrarse en la reventa". Art. 243 del Código de Comercio, 10 LPRA sec. 1701; *SMC Const., Inc. v. Master Concrete Corp.*, 143 DPR 221, 228 (1997).

Consecuentemente, el Art. 82 dispone que:

*Serán válidos y producirán obligación y acción en juicio los contratos mercantiles, cualesquiera que sean la forma y el idioma en que se celebren, la clase a que correspondan y la cantidad que tengan por objeto, con tal que conste su existencia por alguno de los medios que el derecho civil tenga establecidos. Sin embargo, la declaración de testigos no será por sí sola bastante para probar la existencia de un contrato, cuya cuantía exceda de trescientos dólares, a no concurrir con alguna otra prueba.*

*La correspondencia telegráfica producirá obligación entre los contratantes que hayan utilizado ese medio de contratación, siempre que los telegramas reúnan las condiciones o signos convencionales que previamente hayan establecido los contratantes, si así lo hubieren pactado; o siempre que los telegramas originales*

*contengan las firmas de las personas que los remitan. En el caso de que se trate de una garantía, la correspondencia telegráfica no producirá obligación si no estuviere comprendida en alguno de esos dos casos. Con esa excepción, la correspondencia telegráfica también producirá obligación, si cuando no existan los requisitos anteriormente expresados, se pruebe, a satisfacción del tribunal, que los originales de los telegramas fueron depositados o hecho depositar en la oficina telegráfica por los remitentes, aunque no aparezcan firmados por ellos.*

*Los contratos mercantiles hechos por conferencia oral telefónica serán válidos y producirán las consecuencias de los contratos verbales.* (10 LPRA sec. 1302).

El derecho mercantil permite la libertad de forma en los contratos, a pesar de que existe una limitación de carácter probatorio consagrada en el Art. 82. *Vila & Hnos., Inc. v. Owens Ill de PR*, 117 DPR 825, 833 (1986). Debido a la desconfianza del legislador, este artículo intenta fomentar la seguridad en el tráfico comercial mediante la coacción hacia la forma. *Íd.*, 833-834. Según la jurisprudencia, quien invoque la aplicación del Código de Comercio, tiene el peso de la prueba sobre su aplicabilidad. *Soc. de Gananciales v. Paniagua Diez,* 142 DPR 98, 106 (1996); *Pescaderías Rosas, Inc. v. Lozada,* 116 DPR 474, 481 (1985).

**III.**

El primer error señalado por el apelante nos obliga a evaluar la suficiencia de las alegaciones de la Demanda Enmendada. A esos efectos, nuestro ordenamiento jurídico dispone que lo esencial es que, a la luz de las alegaciones de la demanda, la parte esté razonablemente advertida de lo que se intenta reclamar. *Ortiz Díaz v. R & R Motors Sales Corp., supra.* Según indicáramos previamente, lo único que requiere nuestro ordenamiento jurídico en torno a las alegaciones es una relación sencilla y sucinta de los hechos que demuestren que la parte suscribiente puede tener derecho a un remedio. Regla 6.1 de Procedimiento Civil, *supra.* Una alegación corta, clara, simple, concisa y directa será suficiente. Así, no se exigirán fórmulas técnicas para la redacción

de las alegaciones, ya que éstas se interpretarán con el propósito de hacer justicia. Regla 6.5 de Procedimiento Civil, *supra.*

Al analizar una solicitud de desestimación al amparo de la Regla 10.2(5) de las de Procedimiento Civil, debemos tomar como ciertos los hechos bien alegados en la demanda y se deben interpretar de la manera más favorable para la parte demandante. Conforme a ello, la demanda será desestimada si carece de mérito o no tiene derecho alguno sobre un remedio de los hechos que se puedan probar. Sin embargo, no procede la desestimación, si la demanda es susceptible de ser enmendada.

Estudiadas las alegaciones de la Demanda Enmendada, resulta forzoso concluir, pues, que las alegaciones de Symenta cumplen con el requisito de suficiencia que requiere nuestro ordenamiento jurídico. Resulta que, estas pueden dar base a una posible reclamación sobre el alegado incumplimiento de contrato sobre el proyecto de Los Paseos. En fin, si se demostrara la existencia del contrato, junto con los actos imputados al apelante, entonces se pudiera justificar el remedio solicitado. Por lo que, concluimos que el foro primario no incidió al declarar No Ha Lugar la solicitud de desestimación.

El segundo error del apelante está dirigido a cuestionar la determinación del TPI al declarar prematuro el argumento relacionado a la suficiencia de la prueba. NAB plantea que, el testimonio de una parte es insuficiente para establecer la existencia de un contrato mercantil. Además, sostiene que, ante la ausencia de evidencia en posesión del apelado, se estaría permitiendo litigar una causa de acción especulativa y fundamentada en que la prueba surgirá mediante el descubrimiento de prueba.

Adelantamos que no le asiste la razón. Lo cierto es que la norma del derecho mercantil avala el uso de medios supletorios de

evidencia, adicionales al testimonio oral, para demostrar la existencia de un contrato mercantil. Es decir, el testimonio de una parte, en conjunto con otra evidencia, puede validar este tipo de contratos. El factor de que el legislador no confíe meramente en el testimonio de una parte, no significa que no se pueda presentar prueba adicional que demuestre el alegado convenio. Es menester recordar que, en esta etapa procesal, las partes no han llevado a cabo el descubrimiento de prueba. Por lo que, es forzoso concluir que el TPI actuó correctamente al determinar que este asunto debía ser analizado en una etapa posterior.

En conclusión, es nuestra opinión que el TPI no incidió al denegar la solicitud de desestimación presentada por el apelante. No estamos ante un panorama jurídico en el que se pueda concluir válidamente que a base de los hechos bien alegados y expresados se pueda entender que de su faz no tenga remedio alguno en ley. Es decir, asumidas como ciertas las alegaciones consignadas en la Demanda Enmendada y consideradas de la manera más favorable y liberal a favor de Symenta, existe una causa de acción en contra de NAB. Además, de existir algún otro tipo de prueba adicional, se pudiera evidenciar la validez del contrato mercantil conforme a la norma jurídica aplicable. Por lo que no procede la revocación de la determinación recurrida.

**IV.**

Por los fundamentos expuestos anteriormente, los cuales hacemos formar parte de esta Sentencia, confirmamos la Sentencia Parcial emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones